J. S. POPPS v. STATE.

162 So. 701.
Opinion Filed July 8, 1935.

*Roach & Hoyl,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Davis, J.—Plaintiff in error Popps was convicted of manslaughter upon an indictment charging murder in the first degree averred to have been unlawfully and feloniously committed upon the person of a man named Boyd. The issue at the trial was self defense, the accused Popps claiming that Boyd, the alleged murdered man, was coming on him in a hostile attitude, and armed with a deadly weapon in the form of a stick, at the time he was shot by defendant four or five times and thereby killed. From a seven-years sentence to the State Prison Popps has prosecuted this writ of error to the Supreme Court.

There is ample testimony in the record from which the jury could have found the defendant guilty of unlawful homicide of a higher degree than manslaughter as specified in the jury's verdict which underlies and supports the judgment of conviction and sentence thereon. So it is no objection to the judgment as a matter of law, that the evidence in the Court below did not exactly make out the crime of manslaughter if it did make out some other different and higher degree of unlawful homicide comprehended within the charge laid in the indictment. Such has been the declared law of this State at least as far back as Brown v. State, 31 Fla. 207, 12 Sou. Rep. 640 (5th headnote), decided in 1893, which holding has been consistently followed in Florida since that time.

Under Section 7145 C. G. L., 5043 R. G. S., a plainly *unnecessary* killing, even in defending oneself against an unlawful personal attack being made by the person slain, may be deemed manslaughter, where a plea of justifiable homicide under par. (1) Section 7135 C. G. L., 5033 R. G. S., is interposed as justification, but such defense is not sufficiently supported to constitute an absolute bar to conviction, as in

cases where the resultant homicide cannot be held justifiable under paragraph (1) Section 7135 C. G. L., *supra*.

The scene of the homicide involved in this case was the main highway in the Town of Deerfield in Broward County. Just before Boyd was shot by defendant, it appears that he was driving a truck, accompanied by one Raymond Harris, a state's witness. Defendant, Popps, driving in another truck in the same direction, stopped his own truck, got out and called to Boyd, demanding that the latter respond for a verbal controversy. There is little doubt, if witness Harris is to be believed (as he evidently was believed by the jury), that Popps, whatever the merits of his grievance may have been, deliberately sought to start a personal difficulty with Boyd, which caused Boyd to forthwith arm himself with a small stick about two feet long, which Popps claimed he was defending himself against when he shot Boyd and killed him. Popps, for some reason not satisfactorily explained, had gone out on his truck that day armed with a pistol and had by his own voluntary hostile advance on Boyd in the first instance, provoked the counter arming on the part of Boyd, who employed a mere stick for the purpose.

Under the circumstances shown by the evidence in this case, there was ample opportunity for Popps, without material danger to himself, to avoid the shooting of Boyd. This is true, even if Boyd was, as claimed, advancing upon Popps with a stick at the time he was shot—a contention on Popps' part that is not without contradiction on the part of the State. Therefore the jury was amply justified in finding the defendant guilty of at least an unnecessary killing of Boyd, assuming that the version of state's witnesses tending to show that Popps deliberately planned to kill Boyd by first bringing to pass a favorable excuse for shooting him, is entirely discarded. See: Teal v. State, 119 Fla.

394, 161 Sou. Rep. 422, where a Town Marshal was convicted and his conviction upheld under circumstances far more favorable to the accused than is the case here.

The rule as to defendant's good character evidence, as laid down by the Supreme Court of Alabama in Dyess v. State, 141 Sou. Rep. 662, is adopted and approved by us as correct. But even so, it has not been made to appear in this case that reversible error was committed by the Court below under such rule. The rule, as stated by the Alabama Court, is as follows:

"In homicide prosecution, questions whether character witnesses had ever heard anything against defendant's character for peace and quiet and general character *held* admissible as negative evidence of defendant's good character. * * * It is not necessary, as predicate to negative testimony regardng defendant's good character, that witness should first testify directly to defendant's good character. * * * Only predicate necessary for negative testimony regarding defendant's good character is that witness know defendant's character. * * * That witness has never heard anything against neighbor's character is often satisfactory basis for direct statement that neighbor's character is good, * * * It is always proper to call for positive statement from character witness as to accused's character. * * * Where character witness gives only negative testimony, state may, on cross-examination, elicit witness' positive views as to character or any pertinent matter weakening negative evidence."

The refusal of the trial judge to permit exceptions to be taken to the court's ruling striking the testimony of the witness W. Gerry Miller, where no exceptions had been offered to be noted to the rulings at the time they were made, is not reversible error, no abuse of discretion being shown.

392 

And without proper exceptions to the ruling or the state's motion to strike, the principal ruling itself involved in the assignment òf error' predicated thereori, is not reviewable here, even though technical error may have been committed by the court in its ruling complained of, a point which we refrain from deciding because of the absence of a proper exception to the court's ruling.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.