## FLOYD PEARCE v. STATE OF FLORIDA

18 So. (2nd) 754                                    June Term, 1944
July 3, 1944                                   Special Division B
Rehearing denied July 27, 1944

*C. A. Avriett, J. B. Hodges,* and *G. Gillen,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn* and *Howard S. Bailey,* Assistant Attorneys General, for appellee.

ADAMS, J.:

The appellant appeals from a conviction of second degree murder. The record before us presents only one question which requires discussion and that is whether the evidence is sufficient to sustain the verdict of the jury.

The place of the killing was at appellant's jook. The strongest version of the evidence against appellant disclosed that at the time of the killing he had responded to a second call within about two hours, to restore order. When he reached the place deceased was at the door armed with a shotgun and conducting himself in a threatening and hostile manner. Deceased had taken the shotgun from appellant's son, who was the manager of the jook, and chased him away.

The defense interposed was self-defense which was rejected by the jury and we find no reason to say they erred. Appellant insists that it was necessary for him to protect his son and employees from impending death or great bodily harm at the time of the killing. We think the jury was warranted in concluding that the fight in the place had subsided and there was no present reason to suppose there was danger to life or limb.

The deceased entered the place which was public and entered the private living quarters of appellant's son and while there took a shotgun, belonging to the son, from him. When appellant arrived deceased was in possession of the gun, standing in the back entrance not used generally by the public, and sought to bar appellant's entry in an abusive and threatening manner. When deceased went beyond that part of the premises which was frequented by the public and into the living quarters of the operator he became a trespasser. The law is that whoever kills in hot blood and heat of passion, a trespasser, shall be guilty of manslaughter. Wharton's Criminal Law, 12d, Sec. 595.

Viewing the voluminous testimony in the record we conclude that the evidence here makes a case of manslaughter and not murder in the second decree. Pursuant to the Criminal Procedure Act, the judgment is modified with directions to adjudge appellant guilty of manslaughter and sentence him accordingly.

When such modified judgment is entered it will stand affirmed.

So ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.