PER CURIAM.
This court having considered an amended petition for habeas corpus, filed by Charles Ray Arnold, and it having been made to appear therefrom that the petitioner was convicted of the crime of second degree murder, and presently is serving a 20-year sentence imposed therefor; that for his established indigency the trial court timely appointed an attorney to represent the defendant on an appeal; that the defendant desired an appeal to be filed on his behalf, but through neglect of the appointed attorney no timely appeal was filed; and that the circumstances, upon which it is now claimed on behalf of the petitioner that the taking of a timely appeal by or for him was thwarted, are sufficiently established beyond the need to try or determine any issues of fact relating thereto; and
It further appearing from Baggett v. Wainwright, Fla.1969, 229 So.2d 239, that where the taking of a timely appeal by an indigent defendant has been thwarted by state action he may have the judgment involved reviewed as on a full appeal, by a proceeding in habeas corpus in the district *174 court of appeal in the district in which his trial was held; but that in the Baggett case the court left open and unanswered the question of whether the failure of court appointed counsel to take or perfect an appeal for the defendant within the time provided for by law amounts to a thwarting thereof by state action; we hold, however, that it does, as a logical extension impelled by the momentum of recent decisions tending to relieve indigent criminal defendants from the provisions of appellate rules and time limitations which control appeals of other persons.
Accordingly it is ordered that by his ha-beas corpus petition as amended the petitioner is hereby allowed to proceed with an appellate review of the judgment of which he complains; and it is further ordered that (1) the petitioner shall file in the trial court within ten days of this order his directions to the clerk of the trial court and designations to the reporter as though he were proceeding under Rule 3.6 FAR, 32 F.S.A.; (2) a copy of the directions and designations shall be filed in this court; (3) upon completion of the record for appeal it shall be filed in the trial court and a notice of the filing of the record shall be sent by mail to petitioner’s attorney; (4) twenty days after the date of the filing of the record and the mailing of the notice of filing the petitioner shall file his brief in this court; it shall not be necessary to file assignments of error, but the petitioner’s brief shall state the points relied upon for reversal; (S) the state’s brief shall be filed within twenty days after the filing of petitioner’s brief; (6) thereafter a reply brief by the petitioner may be filed within ten days; the briefs shall be in the form prescribed by Rule 3.7 FAR; (7) the record on appeal shall be transmitted to this court 50 days after it is filed in the trial court; (8) the petitioner or the respondent may request oral argument at the time of filing brief; (9) thereafter this cause shall proceed as an appeal entitled to priority in this court.
It is so ordered.