PER CURIAM.
The appellant was indicted for murder in the first degree. On trial before a jury he was found guilty of second degree murder. On April 24, 1969, the trial court adjudged him guilty of such crime and sentenced him to confinement in the state penitentiary for a term of 20 years. No timely appeal was filed.
On February 25, 1970, the appellant filed in this court an amended petition for habe-as corpus, seeking appellate review on the ground and theory that by state action he was thwarted in taking a timely appeal. *193 On authority of Baggett v. Wainwright, Fla.1969, 229 So.2d 239, this court, based on the petition for habeas corpus, granted review in the nature of appeal, 233 So.2d 173, directed the filing of the record and briefs, and has heard argument thereon.
The question presented on appeal is as to the sufficiency of the evidence to sustain the conviction. At trial the appellant-defendant contended the killing was done by him in self-defense. The defendant testified at the trial. He admitted killing the deceased, but related a version of the affray and killing which, standing alone, appeared to be sufficient to support a claim of self-defense. There were no witnesses to the killing other than the defendant and the deceased, and the appellant-defendant contends there were no facts or circumstances disclosed in evidence which could be said to contradict or refute his version of the incident, and therefore that his motion for directed verdict of acquittal should have been granted. In support thereof the appellant cites Holton v. State, 87 Fla. 65, 99 So. 244, where, with regard to the effect of a defendant’s testimony indicating self-defense, the Supreme Court, in reversing a conviction and granting a new trial, said: “ * * * We cannot say that there exists in this case any fact or circumstance which can be said to refute the statement of the defendant as to the details of the affair.”
The Holton decision is not controlling here because, contrary to the contention of the appellant, an examination of the record of this case discloses there was evidence, from conduct and statements of the defendant prior to the killing and his conduct thereafter, which the jury could, and no doubt did consider sufficient refutation of the defendant’s version of the incident. There being substantial evidence to support the verdict, the judgment should not be disturbed notwithstanding strong evidence for the defense may appear in the record.
Affirmed.