PER CURIAM.
This appeal is by the defendant below from conviction on two counts of robbery, on each of which he was sentenced to twenty years imprisonment, with provision for the sentences to run concurrently. Upon consideration of the contentions advanced by the appellant, in the light of the record and briefs, we find no reversible error, and affirm.
Oral statements against interest made to police officers by the defendant, after having been duly warned of his rights, were properly admitted. The evidence relating thereto showed the statements to have been voluntarily made. Overruling the defense counsel’s objection to cross-examination of the defendant with reference to certain misconduct while serving in the armed forces was not reversible error. Such cross-examination was prompted by testimony of the defendant regarding his having been honorably discharged from the army. See People v. English, 68 Cal.App. 2d 670, 157 P.2d 429. Certain testimony of the defense witness relating to defendant’s reputation for truth and veracity was properly excluded, in that it was not qualified for admission under the standards set in Popps v. State, 120 Fla. 387, 162 So. 701, 703, and Hinson v. State, 59 Fla. 20, 52 So. 194, 195. A further matter upon which counsel for appellant placed emphasis was a contention the trial court committed reversible error, at the conclusion of the opening final argument by the state attorney, by denying “defendant’s request that he require the prosecutor to open his argument fairly so that defendant may have an opportunity to rebut the prosecution’s argument,” and, after the closing argument made by the state attorney, in denying a motion of the defendant for leave to make an additional argument thereafter. The statement of those contentions sufficiently suggests the situation presented. The appellant cites and relies on Tindall v. State, 99 Fla. 1132, 128 So. 494, and Andrews v. State, 99 Fla. 1350, 126 So. 751, 129 So. 771. However, we hold to be sound the argument of the state that under the rules pronounced in those cases the trial court properly refused to allow a second or rebuttal argument by the defendant after the final closing argument of the state. The initial argument of the state attorney was somewhat extensive, but dealt principally with generalities, and did not discuss the witnesses or evidence in detail. Counsel for the defendant presented his closing argument in which he dealt with the issues and the testimony of all witnesses. His argument was extensive, covering twenty eight pages in the record. Inspection of the record reveals that the final closing argument of the state did not include matters unsupported by the evidence in the case or state new and material matters which had *23 not been dealt with by defendant’s counsel in closing argument. Whereupon we do not find therein basis for reversal of the judgment.
Affirmed.