290 So.2d 69 (1974)
Johnnie David RANDOLPH, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-968.
District Court of Appeal of Florida, Third District.
February 19, 1974.
Pollack, Yocom, Tunkey, Robbins & Mosca, Alvin E. Entin and Lewis S. Kimler, Miami, for appellant.
*70 Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was indicted for murder in the first degree, tried by jury, found guilty of aggravated assault, and sentenced to five years in the state penitentiary.
On appeal, defendant-appellant raises the question as to whether the evidence was sufficient to sustain the verdict.
At the trial, the defendant testified that the killing was done by him in self defense. There were no witnesses to this event other than the defendant and the victim, and appellant contends there were no facts or circumstances disclosed in the evidence which could be said to contradict or refute his version of the incident. Citing Holton v. State, 87 Fla. 65, 99 So. 244 (1924) and Alexander v. State, Fla.App. 1973, 284 So.2d 478 as authority therefor, defendant-appellant contends his motion for directed verdict of acquittal should have been granted.
The above cases are not controlling here because an examination of the record discloses there was evidence from statements of the defendant made to one of the witnesses immediately after the killing and his statements at the trial which the jury obviously considered sufficient to refute the defendant's version of the incident. In addition, the knife with which the victim allegedly attacked the defendant was never found nor positively seen lying next to the victim's body by any of the witnesses. Cf. Arnold v. State, Fla.App. 1970, 241 So.2d 192. There being substantial competent evidence to support the verdict of the jury which properly considered the issue of self-defense,[1] the judgment will not be disturbed.
Accordingly, the judgment appealed herein is hereby affirmed.
Affirmed.
NOTES
[1] Payton v. State, Fla.App., 1967, 260 So.2d 255.