360 So.2d 108 (1978)
Reinaldo MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1328.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 20, 1978.
Bierman, Sonnett, Beiley, Shohat & Osman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Calvin Fox, Asst. Atty. Gen., for appellee.
Before HUBBART and KEHOE, JJ., and PARKER, J. GWYNN, (Ret.), Associate Judge.
HUBBART, Judge.
The defendant Reinaldo Martinez appeals a judgment of conviction and sentence for second degree murder [§ 782.04(2) Fla. Stat. (1977)] and unlawful possession of a firearm while engaged in a felony [§ 790.07 Fla. Stat. (1977)] and contends inter alia that the state failed to establish a prima facie case of second degree murder and that the trial court should therefore have entered a judgment of acquittal upon his motion made at the close of all the evidence at trial. We agree in part and reduce the judgment of conviction to manslaughter. § 924.34, Fla. Stat. (1977).
*109 Our review of the record reveals that the state failed to establish that the defendant killed the deceased with a depraved mind regardless of human life, an essential element of the crime of second degree murder. Ramsey v. State, 114 Fla. 766, 154 So. 855 (1934); Manual v. State, 344 So.2d 1317 (Fla. 2d DCA 1977); Raneri v. State, 255 So.2d 291, 294 (Fla. 1st DCA 1971). Indeed, the evidence is overwhelming that defendant killed the deceased shortly after (1) the defendant responded to his daughter's telephone call to him to come to the deceased's house to protect his said daughter against a physical attack by the deceased, and (2) the defendant was physically assaulted by the deceased upon his arrival at the deceased's house. The deceased and the defendant's daughter were husband and wife.
Nevertheless, we agree with the state that there was sufficient, although conflicting evidence adduced at trial upon which a jury could have reasonably rejected the defendant's claim of self-defense and concluded that the defendant used excessive force to defend himself or his daughter. The defendant killed the deceased with a firearm while the deceased was unarmed under circumstances which, under one reasonable view of the evidence, did not warrant the infliction of deadly force. As such, a classic case of manslaughter based on adequate legal provocation was therefore presented. The trial court should have accordingly reduced the charge from second degree murder to manslaughter upon the defendant's motion for judgment of acquittal made at the close of all the evidence in the case. Popps v. State, 120 Fla. 387, 162 So. 701 (1935); Perkins on Criminal Law 60, 1013-16 (2d ed. 1969). See also Randolph v. State, 290 So.2d 69 (Fla. 3d DCA 1974); Hedges v. State, 165 So.2d 213, 215 (Fla. 2d DCA 1964).
We have carefully considered the defendant's second contention on appeal and find it to be unpersuasive as a basis for upsetting this conviction. We cannot say that the trial court abused its discretion in refusing to allow the defendant to reopen his case and call an additional defense witness after he had rested. Sylvia v. State, 210 So.2d 286 (Fla. 3d DCA 1968).
The judgment of conviction on the crime of second degree murder is reversed and the cause remanded to the trial court with directions to enter a judgment of conviction for manslaughter. The sentence imposed, however, on the second decree murder conviction is affirmed because it is within the statutory maximum provided by law for the crime of manslaughter. § 782.07 Fla. Stat. (1977). The judgment of conviction and sentence for the crime of unlawful possession of a firearm while engaged in a felony is affirmed. The provision in the sentence imposed as to both of the above crimes relating to "hard labor" is hereby stricken as unauthorized under Florida law. Jabbour v. State, 353 So.2d 202 (Fla. 3d DCA 1977); McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975).
Affirmed in part; reversed in part.