HUBBART, Judge
(concurring).
I concur in the court’s affirmance of the defendant’s conviction herein but on different grounds. I do not believe that the admissibility of the defendant’s statements to the police has been properly preserved for appellate review because defense counsel did not object at trial before the jury to the admission in evidence of such statements after his motion to suppress held outside the presence of the jury had been in part granted, and in part denied. In fact, defense counsel later announced that he was satisfied with the court’s ruling admitting such statements. Accordingly, it is not necessary, as the court does, to reach the merits of the defendant’s voluntariness claim on appeal. Blatch v. State, 216 So.2d 261, 264 (Fla. 3d DCA 1968).
As to the contention that the trial court should have granted defendant’s motion for a judgment of acquittal, I am in agreement that the motion was properly denied but solely on the ground that there was sufficient conflicting evidence in the record upon which the jury could properly reject the defendant’s claim of self defense. I cannot agree, however, that the defendant’s second account of the incident did not properly assert the defense of self defense. Such account was sufficient for the trial court to instruct the jury on the defense of self defense which was in fact done in this case. Harris v. State, 104 So.2d 739 (Fla. 2d DCA 1958). The jury having rejected such defense upon proper instructions and sufficient evidence, I see no basis for upsetting the ensuing conviction herein. Randolph v. State, 290 So.2d 69 (Fla. 3d DCA 1974); Arnold v. State, 241 So.2d 192 (Fla. 3d DCA 1970). See also Hedges v. State, 165 So.2d 213, 215 (Fla. 2d DCA 1964).