376 So.2d 417 (1979)
Allen W. PIERCE, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1829.
District Court of Appeal of Florida, Third District.
October 23, 1979.
Rehearing Denied November 30, 1979.
Black & Denaro and Roy E. Black, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.) Associate Judge.
SCHWARTZ, Judge.
The defendant Pierce appeals from the judgments and sentences entered against him after a jury found him guilty of second degree murder and carrying a concealed firearm. We affirm the latter conviction, but reverse the former on the ground that the evidence justifies only a manslaughter charge and thus does not support the finding of second degree murder.
The evidence, viewed, as required, in the light most favorable to the state, shows conclusively that the encounter which led ultimately to the death of the victim, one Patrick Bemben, was begun by Bemben, acting as the aggressor in an altercation which Pierce made every effort to avoid. It started when, for no apparent reason, Bemben, who had been drinking, began to taunt the defendant as he was making a phone call from a booth at a small shopping center on North Kendall Drive. When Pierce came out of the booth, Bemben continued his verbal abuse. After the defendant had unsuccessfully attempted to walk away or otherwise to placate the victim, Bemben first struck Pierce in the face with a beer can, causing him significant injury, and then hit and kicked him several times. Thus presented with no choice but to fight with Bemben, Pierce did so and eventually got the better of the struggle. When that occurred, Bemben retreated to the rear of a van parked in the center parking lot. At that point, a few feet away from Pierce, *418 Bemben made a sudden movement which Pierce said at the trial he thought was an attempt to secure a weapon. Pierce then drew a derringer from his back pocket and shot twice, killing Bemben.
Under these circumstances, the jury could properly have found that since Bemben was not in fact armed, Pierce had overreacted, had used excessive force and thus was guilty of manslaughter. There was no basis, however, for a finding that in shooting Bemben the defendant acted with a depraved mind regardless of human life, an indispensable element of the crime of second degree murder. Ramsey v. State, 114 Fla. 766, 154 So. 855 (1934). To the contrary, the evidence is undisputed that the homicide occurred only at the culmination of a fight which was started by the victim without justification and in which Pierce was only a reluctant participant. The reduction of the second degree murder conviction to one for manslaughter is mandated by the indistinguishable case of Martinez v. State, 360 So.2d 108, 109 (Fla.3d DCA 1978), cert. denied, 367 So.2d 1125 (Fla. 1979), where this court held:
Nevertheless, we agree with the state that there was sufficient, although conflicting evidence adduced at trial upon which a jury could have reasonably rejected the defendant's claim of self-defense and concluded that the defendant used excessive force to defend himself or his daughter. The defendant killed the deceased with a firearm while the deceased was unarmed under circumstances which, under one reasonable view of the evidence, did not warrant the infliction of deadly force. As such, a classic case of manslaughter based on adequate legal provocation was therefore presented. The trial court should have accordingly reduced the charge from second degree murder to manslaughter upon the defendant's motion for judgment of acquittal made at the close of all the evidence in the case. Popps v. State, 120 Fla. 387, 162 So. 701 (1935); Perkins on Criminal Law 60, 1013-16 (2d ed. 1969). See also Randolph v. State, 290 So.2d 69 (Fla.3d DCA 1974); Hedges v. State, 165 So.2d 213, 215 (Fla.2d DCA 1964).
Accord: Manuel v. State, 344 So.2d 1317 (Fla.2d DCA 1977), cert. dism., 355 So.2d 515 (Fla. 1978); Raneri v. State, 255 So.2d 291 (Fla.1st DCA 1971); see also Stinson v. State, 245 So.2d 688 (Fla.1st DCA 1971); cf. Alday v. State, 57 So.2d 333 (Fla. 1952); Forehand v. State, 126 Fla. 464, 171 So. 241 (1936); Collins v. State, 88 Fla. 578, 102 So. 880 (1925); Whidden v. State, 64 Fla. 165, 59 So. 561 (1912).
We have considered the other points raised by the appellant and conclude that they either have been mooted by our ruling on the second degree murder issue or do not present reversible error. See State v. Carrizales, 356 So.2d 274 (Fla. 1978); State v. Nunez, 368 So.2d 422 (Fla.3d DCA 1979).
The conviction of second degree murder is reversed and the cause is remanded for the entry of a judgment of conviction of manslaughter and for resentencing on that charge. The judgment and sentence for carrying a concealed firearm are affirmed.
Affirmed in part, reversed in part.