FERGUSON, Judge
(concurring in part)
The circumstantial evidence, if strained, will support a finding as to the element of premeditation which is necessary to a first degree murder conviction. But the same circumstantial evidence does not exclude, indeed is more consistent with an element other than premeditation, and justifies reducing the conviction, as a matter of law, to second-degree murder. The elements of second-degree murder are (1) the unlawful killing of another, (2) by an act which a person of ordinary judgment would know is reasonably certain to kill or cause serious bodily injury to another, (3) is done from ill will, hatred, spite or an evil intent and (4) is of such a nature that the act itself indicates an indifference to human life. Marasa v. State, 394 So.2d 544 (Fla. 5th DCA 1981). The facts show that the deceased, as a member of an armed party, had forced his way into the defendant’s home and intimidated defendant’s wife while he was away. Upon learning of the occurrence defendant immediately sought out the perpetrators. When he came upon them at their place of business defendant warned them against coming to his house again and then shot the victim. The shooting of the victim was preceded or followed by a random shot into the ceiling. I would reduce the conviction to second-degree murder.[1] See Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978); Miller v. State, 328 So.2d 544 (Fla. 3d DCA 1976).

. The trial judge while expressing some doubt as to his authority to reduce the conviction was also of the opinion that this was not a case where the twenty-five year mandatory minimum sentence was warranted.