425 So.2d 70 (1982)
Johnny ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2280.
District Court of Appeal of Florida, Second District.
December 15, 1982.
Rehearing Denied January 17, 1983.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
*71 CAMPBELL, Judge.
Roberts appeals his conviction of second degree murder. The only issue which merits discussion is Roberts's argument that the court erred in denying his motion for acquittal made at the close of the state's case.
The decedent, Jackie Robinson, dated Teresa Taylor for several years. They separated and she began dating Roberts. A few days prior to the killing, the decedent assaulted Taylor. When Roberts intervened, Robinson threatened both Taylor and Roberts with his gun. Roberts reported the incident to the police. Subsequently, in discussing the incident with the decedent's brother Charles, Roberts said, "If I didn't know your brother, Otis, that I would kill your brother, Jackie." Later, Roberts indicated to several people that he wanted to "get Robinson back." At a bar on the night in question, the decedent threatened a man named Levon Smith with his gun. Smith later met Roberts outside the bar. They left and went to Taylor's apartment and later returned to the bar. After they returned, the decedent was standing outside on the sidewalk. Roberts came out of the front door of the bar and walked directly toward the decedent who turned and reached for his gun. Roberts grabbed Robinson's hand that was reaching toward his belt where the gun supposedly was and with his other hand pulled out his own gun and shot four or five times. Robinson, because he was restrained by Roberts, never freed his gun from his belt or pants, but later the gun was found on the sidewalk next to his right hand. Although the state charged Roberts with first degree murder, the jury found him guilty of second degree murder.
In order to obtain a conviction for second degree murder, the state must prove that the defendant killed the decedent with a depraved mind regardless of human life. § 782.04(2), Fla. Stat. (1979). Depravity of mind means malice in the sense of ill will, hatred, spite or evil intent. Ramsey v. State, 114 Fla. 766, 154 So. 855 (1934). Roberts argues that the act which resulted in Robinson's death was not a product of a depraved mind, but rather occurred because he overreacted and used excessive force in the face of the decedent's threatening actions, and thus he was guilty of no more than manslaughter. The crime of manslaughter encompasses those situations in which the defendant uses excessive force to defend himself. Pearce v. State, 154 Fla. 656, 18 So.2d 754 (1944); Pierce v. State, 376 So.2d 417 (Fla. 3d DCA 1979); Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978).
Viewed in the light most favorable to the state, the evidence supports the jury's verdict of second degree murder. The evidence justifies the jury's rejection of Roberts's self defense claim. Though it could have found that he used excessive force in seeking to prevent Robinson from shooting him, it did not. Appellant stated to the deceased's brother that, "I would kill your brother, Jackie" if he had not known the other brothers. He also stated to others that he wanted to "get Robinson back." Those statements, when considered with the fact that appellant fired his gun four or five times after he had apparently succeeded in restraining the decedent, were sufficient to survive a motion for acquittal of second degree murder. The state's case having survived a motion for acquittal, the jury could have and apparently did find that appellant used excessive force and thus acted out of a sense of ill will, hatred, spite or evil intent and was guilty of second degree murder. Ramsey v. State.
We, therefore, affirm. However, we note that in the original sentence the court retained jurisdiction over one third of Roberts's sentence without stating with particularity its justification for doing so. On resentencing, if the court wishes to retain jurisdiction over a portion of Roberts's sentence, it must state with particularity its justification for doing so as required by section 947.16(3)(a), Florida Statutes (1979).
SCHEB, J., concurs.
GRIMES, A.C.J., dissents with opinion.
*72 GRIMES, Acting Chief Judge, dissenting.
I believe that the state failed to establish that Roberts killed the deceased with a depraved mind regardless of human life, an essential element of second degree murder. § 782.04(2), Fla. Stat. (1979). Viewed in the light most favorable to the state, the evidence still shows that the decedent reached for his weapon first. There is no evidence that Roberts was threatening the decedent as he walked toward him. Roberts produced a gun only after the decedent made the first move. Admittedly, the jury was entitled to reject Robert's claim of self defense. However, where one kills another through the use of excessive force in defending himself, the appropriate charge is manslaughter. Pearce v. State; Pierce v. State; Martinez v. State.