433 So.2d 1325 (1983)
Geraldine BORDERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1964.
District Court of Appeal of Florida, Third District.
July 5, 1983.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Geraldine Borders appeals from a judgment and sentence imposed following a jury verdict finding her guilty of murder in the second degree. She alleges as error the trial court's failure to reduce the charge to manslaughter at the close of the state's case and at the close of all the evidence. She *1326 further alleges that the trial court erred by excluding the testimony of certain witnesses bearing on the issue of self-defense. We agree with both points, reverse and remand for further proceedings consistent with the views expressed herein.
Geraldine and L.C. (Leonard Charles) Borders were married in 1969. Both the defendant and the victim were alcohol abusers and throughout the marriage, usually on a weekly basis, they would drink and fight. L.C. was a well-muscled individual, substantially larger than Geraldine. He usually beat her only with his fists, though, on some occasions, household implements (such as a frying pan) were used. Geraldine was the provider of the household; however, the victim on several occasions stole household funds and food stamps in order to purchase additional alcoholic beverages. Some of the fights between Geraldine and L.C. were so severe that friends or the children had to intervene for fear that Geraldine would be killed. The defendant recognized her alcohol problem and sought treatment for herself and L.C. through a local social service agency. L.C. did not cooperate in these efforts and because of them made life more difficult for Geraldine. Geraldine had the name of the victim removed from their lease on at least three or four occasions.
On the day of the homicide L.C. and Geraldine had been drinking since 7:30 in the morning. That afternoon an argument over money developed, and L.C. learned that his name had once again been removed from the lease. The argument escalated and L.C. punched Geraldine on the left breast. The defendant ordered L.C. out of the house and he initially complied. At some point during this affray Geraldine had armed herself with a kitchen knife. L.C. attempted to re-enter the house, and Geraldine attempted to prevent him from doing so by closing the front door. A pushing match, the door in the middle, ensued. L.C. stated to the defendant, "I see that knife. I ain't scared of that knife. You don't have as much strength as I have." Geraldine lost the shoving match and was forced backwards by the opening door against a cabinet and onto the floor. She got up and stabbed L.C. one time in the neck as he came through the doorway. Geraldine telephoned for an ambulance and the police. The victim was dead by the time the authorities arrived. The Dade County Medical Examiner, Dr. Joseph Davis, testified that the cause of death was a single stab wound to the right front of the neck. The victim's blood alcohol level was .42%. Dr. Davis testified that the victim was a well-built, muscular individual and that if he was still moving around with a .42% blood alcohol level he was probably an experienced drinker and that his strength would have been increased based on lack of control which would have been enhanced by anger.
Upon the foregoing facts the jury convicted Geraldine of second degree murder, as charged. She first complains that the trial court erred in not reducing the charge to manslaughter. We agree. The requisite evidence, "evincing a depraved mind regardless of human life" essential to a second degree murder conviction under section 782.04(2), Florida Statutes (1979), is absent. See Ramsey v. State, 114 Fla. 766, 154 So. 855 (1934); Pierce v. State, 376 So.2d 417 (Fla. 3d DCA 1979), cert. denied mem., 386 So.2d 640 (Fla. 1980); Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978), cert. denied mem., 367 So.2d 1125 (Fla. 1979).
Geraldine also alleges that the trial court erred by excluding the testimony of Barbara Collins, a clerk at a nearby grocery store, and Joseph Johnson, III, a social worker with the Dade County Department of Housing and Urban Development. The proffered testimony of these witnesses bore directly (1) on the defendant's state of mind, (2) the relationship between the victim and the defendant and (3) the victim's reputation for violence when under the influence of alcohol. Testimony of this nature is not merely cumulative as asserted by the state. In a homicide prosecution a defendant should be permitted the widest of latitude when introducing evidence in support of a self-defense theory. Palm v. State, 135 Fla. 258, 184 So. 881 (1938); Garner v. State, 28 Fla. 113, 9 So. 835 (1891); *1327 Campos v. State, 366 So.2d 782 (Fla. 3d DCA 1978); Cole v. State, 193 So.2d 47 (Fla. 1st DCA 1966), cert. discharged mem., 199 So.2d 100 (Fla. 1967).
Geraldine also complains that the trial court erroneously excluded the testimony of Dr. Lois Veronen, a clinical psychologist, who by way of proffer testified that she was an expert in the field of psychology as it relates to the battered wife syndrome. We do not reach that issue because the trial court did not determine the adequacy of Dr. Veronen's qualifications or the extent to which this special field is generally accepted. On re-trial the defendant will have an opportunity, if she chooses, to develop those issues for the trial court's consideration. If the trial court concludes that the witness is sufficiently qualified and the subject matter is sufficiently developed so that it can support an expert opinion, the testimony should be allowed. See Hawthorne v. State, 408 So.2d 801 (Fla. 1st DCA), review denied mem., 415 So.2d 1361 (Fla. 1982).
Reversed and remanded for further consistent proceedings.