PER CURIAM.
Appellant appeals from a conviction and sentence for aggravated assault with a firearm, § 784.021, Fla.Stat. (1985),[1] as reduced from the charged offense of second degree murder. He contends that the jury’s finding him not guilty of unlawful possession of a firearm during the commission of a felony, § 790.07(2), Fla.Stat. (1985), a charge arising from the same criminal episode as the aggravated assault, requires that the inconsistent guilty verdict be set aside or amended by entering a conviction for simple assault. We disagree, and affirm.
Briefly stated, the relevant facts were as follows. Appellant had returned home after midnight carrying his firearm and the day’s receipts from the bar he owned, when he encountered a man who was visiting with his wife. Jones shot the unarmed man in the back of the head from a couple of feet away, as the man was trying to leave. The police were first called to the Jones residence with regard to a burglary, not an accidental shooting, and appellant turned over to the police a different gun from the one used in the shooting, demonstrating a calculated cover-up. Appellant was the only eyewitness to the shooting, which resulted in the victim’s death.
We find there was competent, substantial evidence in the record from which the jury could properly reject appellant’s defense of self-defense and find him guilty for the offense of aggravated assault with a firearm. See Randolph v. State, 290 So.2d 69 (Fla. 3d DCA) (appellant’s statements after the killing and at trial, together with apparent concealment of murder weapon, supported conviction for aggravated assault), cert. denied, 295 So.2d 630 (Fla.1974).
Furthermore, the jury’s verdict of not guilty on the unlawful possession of a firearm count does not, as appellant contends, require a reversal or modification of *1060 the conviction entered upon the guilty verdict on the aggravated assault count. The verdicts are not in our view impermissibly inconsistent. See Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla.1984); see also Streeter v. State, 416 So.2d 1203, 1206 (Fla. 3d DCA 1982), and cases cited.
Affirmed.

. 784.021 Aggravated assault.—
(1) An "aggravated assault” is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.