569 So.2d 1360 (1990)
George CONYERS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 89-3314.
District Court of Appeal of Florida, First District.
November 13, 1990.
Barbara M. Linthicum, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
George Conyers, Sr., appeals his conviction of second degree murder for the killing of his son, George Jr., contending that the trial court erred in denying his motion for judgment of acquittal because the state failed to establish a prima facie case of second degree murder. We hold that the evidence is sufficient to support the conviction and affirm.
The state's evidence consisted primarily of the following testimony. Maria Conyers, the 16-year-old daughter of the defendant and sister of the victim, testified that on the date of her brother's death she was at home with her parents and two uncles. While she was talking on the phone, her 18-year-old brother came home. She heard her father ask him why he left his bicycle on the porch, and heard her brother reply that it was raining and he did not want the bicycle to get wet. George, Jr., went outside, moved the bicycle off of the porch, and came back inside. The father and son then began arguing and the defendant grabbed his son. They began physically struggling with one another, falling to the floor, and one of Maria's uncles broke up the fight. The son then walked into the kitchen. Moments later, while Maria was still on the telephone, she heard three gunshots. She ran into the kitchen and saw her father holding a gun.
Christine Conyers, the defendant's wife and mother of the victim, testified that she heard the three gunshots. She took the gun from George, Sr., and threw it under the porch steps.
Arthur Harris, the defendant's nephew, testified that on the night of the shooting he walked into the house while the father and son were fighting and saw George, Jr., let his father get up off of the floor. The son then walked into the kitchen and the *1361 defendant walked to his bedroom. After a minute or so the defendant emerged from the bedroom with a pistol. He walked toward the kitchen, stopped at the entrance, and fired the gun into the kitchen three times.
Construing the evidence and inferences to be drawn therefrom most favorably to the state, it is readily apparent that the evidence is sufficient to support the defendant's conviction of second degree murder. The jury could lawfully find that the defendant, being angry with his son, deliberately went to his bedroom, obtained a gun, and shot the victim. Murder in the second degree is the unlawful killing of a human being when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual. § 782.04(2), Fla. Stat. (1989). An act is considered imminently dangerous to another and evincing a depraved mind if it is an act that (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, (2) is done from ill will, hatred, spite, or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life. Marasa v. State, 394 So.2d 544 (Fla. 5th DCA), rev. denied 402 So.2d 613 (Fla. 1981). The defendant's conduct satisfies the statutory definition of second degree murder beyond any doubt.
The defendant argues that Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978), cert. denied 367 So.2d 1125 (Fla. 1979), sets forth a legal basis for reversing his conviction of second degree murder. But that case is materially distinguishable on the facts because the "overwhelming" evidence in Martinez presented a "classic case of manslaughter based on adequate legal provocation." 360 So.2d at 109. The evidence against Conyers, on the other hand, did not present a clear-cut case of provocation but showed instead the defendant's own ill will, hatred, spite, or evil intent toward his son  facts clearly probative of the elements of second degree murder.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.