620 So.2d 1308 (1993)
Virgil Ray McDANIEL, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-1553.
District Court of Appeal of Florida, Fourth District.
July 21, 1993.
Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of second degree murder of his son. He argues that the trial court erred in submitting the second degree murder charge since at most the evidence proved only the crime of manslaughter. We agree and reverse based on Borders v. State, 433 So.2d 1325 (Fla. 3d DCA 1983); Pierce v. State, 376 So.2d 417 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 640 (Fla. 1980); and Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1125 (Fla. 1979).
In the instant case, the record reveals that Ray, the son and victim, initiated the altercation by hitting his father in the mouth and knocking him to the ground. Although the father's use of a knife to ward off further attack by his son may have been excessive, thereby negating a finding of self-defense, his acts did not evince a depraved mind. No evidence was presented that McDaniel acted out of ill will, hatred, spite, or an evil intent. The state failed to prove a prima facie case of second degree murder. Therefore, we reduce his conviction to manslaughter and remand to the trial court for resentencing.
We find no error in the remaining points raised. Reversed and remanded for further proceedings.
WARNER, POLEN and KLEIN, JJ., concur.