674 So.2d 177 (1996)
Wesley L. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02853.
District Court of Appeal of Florida, Second District.
May 17, 1996.
Dick Lee of Lee & Lee, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
The appellant was convicted of the second degree murder of Troy Doolin, the owner of the home in which the appellant *178 rented a room. He argues that the trial court erred in submitting the second degree murder charge to the jury since, at most, the evidence proved only the crime of manslaughter. We agree and reverse based on McDaniel v. State, 620 So.2d 1308 (Fla. 4th DCA 1993), and the cases cited therein.
The evidence adduced at trial showed that the victim, Doolin, was belligerently drunk the day in question and started the fight with the appellant. The appellant was recuperating from an operation on his arm several weeks before to repair serious damage from a previous auto accident. The entire incident began in the backyard of the Doolin home with Doolin's behavior necessitating that the police be called to subdue him. After the police left the second time, Doolin continued to press the fight with the appellant, moving it inside, to both the appellant's room and the hallway outside it. After using their fists on each other for some time, the appellant pulled his knife from its holder on his belt and stabbed Doolin in the abdomen, fatally wounding him. It is undisputed that at all times the victim used no weapon before the appellant stabbed him. Like McDaniel, we find that the appellant's use of a knife to end the fight or ward off further attack from Doolin can be considered excessive, especially since Doolin was unarmed. It was this evidence which allowed the jury to reject the appellant's theory of self-defense. However, the appellant's acts did not evince a depraved mind, and the state presented no evidence showing that the appellant acted out of ill will, hatred, spite, or an evil intent, thus failing to present a prima facie case of second degree murder. We, therefore, reverse the appellant's conviction and remand with instructions that the trial court adjudicate him guilty of manslaughter and resentence him accordingly.
We find no error in the remaining points the appellant raised. Reversed and remanded for further proceedings.
SCHOONOVER and QUINCE, JJ., concur.