817 So.2d 933 (2002)
James Thomas LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4661.
District Court of Appeal of Florida, Fourth District.
May 15, 2002.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is denied. We withdraw our former opinion and substitute the following.
James Lewis was convicted of felony battery in violation of section 784.041 of the Florida Statutes (1999). At trial, the victim's testimony established that Lewis had been drinking and smoking crack for a substantial amount of time before the two began arguing. She left when he asked, but returned some time later. Lewis became angry when she started to leave a second time and punched her in the face with a force that required stitches and left a scar. Lewis did not put on defense evidence.
However, Lewis requested a jury instruction on voluntary intoxication as a defense. The trial court refused and, upon the state's request pursuant to section 775.051 of the Florida Statutes (1999), instructed the jury that voluntary intoxication is not a defense to any offense proscribed by law.
Lewis appeals, claiming that the elimination of the voluntary intoxication defense violated his due process rights under the Florida Constitution. Voluntary intoxication was a defense to specific intent crimes under Florida common law. See Garner v. State, 28 Fla. 113, 153-58, 9 So. 835 (1891); Linehan v. State, 442 So.2d 244, 246 (Fla. 2d DCA 1983), approved on other grounds, 476 So.2d 1262 (Fla.1985). As of October 1, 1999, the Florida Legislature eliminated the defense. See § 775.051, Fla. Stat. (1999).
However, in light of our recent decision in C.B. v. State, we find that the constitutionality of the statute should not be addressed *934 in this case. 810 So.2d 1072 (Fla. 4th DCA 2002) (recognizing that battery is a general intent crime). The element of intent in felony battery is identical to simple battery. Compare § 784.041(1) with § 784.03(1)(a), Fla. Stat. (1999). Therefore, felony battery is also a general intent crime and the voluntary intoxication defense would not have been available to Lewis even under previous case law. For this reason, we find that section 775.051 would not apply to this case and affirm the decision of the court below.
AFFIRMED.
GUNTHER, TAYLOR, JJ., and DELL, JOHN W., Senior Judge, concur.