DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DERREN DEJUAN MORRISON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2635

[December 11, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 502015CF002452A.

David J. Joffe of Joffe Law, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Derren Morrison appeals his conviction and life sentence for second-degree murder. Morrison raises several issues on appeal, but we write only to address his arguments that the trial court erred by denying his motion for judgment of acquittal and that statements made by the prosecution during closing argument were so egregious under the circumstances to necessitate a new trial. On those and all other arguments raised, we affirm the judgment and sentence rendered by the trial court.

**Background**

Morrison was found in the street covered in blood, flailing his arms and repeatedly yelling "I just want to be with you God." A trail of blood led from Morrison to a house down the street. Inside the house, officers found an eighty-one-year-old female on the floor covered in blood. The victim was barely conscious and had suffered extensive injuries. She was transported to the hospital, placed on life-support, and died approximately three months later from an infection that developed from her feeding tube.

The State's medical expert characterized the beating as "the triggering event . . . that ultimately led to [the victim's] death."

Morrison was also transported to the hospital where he gave a voluntary statement to the police. Morrison explained that he had taken flakka and drank "sweet liquor" prior to the incident and could not recall what had happened because of the flakka. Morrison did recall, however, that the flakka "was making me hallucinate like someone was trying to kill me." Upon the victim's death, the State charged Morrison with first-degree murder.

The State's theory of the case was that Morrison beat the victim in her home while in a drug-induced psychotic state brought on by his voluntary consumption of flakka. The defense argued that Morrison suffered from schizophrenia and that this psychotic disorder caused him to beat the victim. The case went to the jury who found Morrison guilty as charged of first-degree murder.

Morrison renewed his previous motion for a judgment of acquittal and maintained that there was no evidence of premeditation for first-degree murder. He also argued there was insufficient evidence of a "depraved mind" to sustain a conviction for second-degree murder. The trial court agreed that the evidence was insufficient to support a finding of premeditation and granted the judgment of acquittal for Morrison's first-degree murder conviction. The court then adjudicated Morrison guilty of second-degree murder and sentenced him to life in prison.

## Analysis

*A. Morrison's motion for a judgment of acquittal*

Appellate courts will not reverse a conviction where it is supported by "competent substantial evidence." *Hobart v. State*, 175 So. 3d 191, 199 (Fla. 2015). When determining the sufficiency of the evidence, "the question is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt." *Id.* (quoting *Simmons v. State*, 934 So. 2d 1100, 1111 (Fla. 2006)).

To sustain a conviction of second-degree murder, the State must prove: (1) the victim is dead; (2) the death was caused by the criminal act of the defendant; and (3) there was an unlawful killing of the victim by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life. *Morales v. State*, 251 So. 3d 167, 171-72

2

(Fla. 4th DCA 2018). An act is imminently dangerous and demonstrates a depraved mind if it is one that:

> (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another; and (2) is done from ill will, hatred, spite or an evil intent; and (3) is of such a nature that the act itself indicates an indifference to human life.

*Id.* at 172 (citations omitted).

"This is not to say malice is limited in its meaning to hatred, ill will, and malevolence; rather, it denotes a wicked and corrupt disregard of the lives and safety of others . . . a failure to appreciate social duty." *Antoine v. State*, 138 So. 3d 1064, 1073 (Fla. 4th DCA 2014) (internal quotations omitted) (citing *Larsen v. State*, 485 So. 2d 1372, 1374 (Fla. 1st DCA 1986)). The distinction between second-degree murder and manslaughter is factually intensive and is "typically for resolution by a jury." *See Starks v. State*, 223 So. 3d 1045, 1050 (Fla. 2d DCA 2017) (citing *Larsen*, 485 So. 2d at 1373).

Morrison's motion for a judgment of acquittal for second-degree murder was premised on the argument that his physical assault on the victim was not "done from ill will, hatred, spite or an evil intent." There is no evidence that Morrison knew the victim before this attack, and the evidence indicates that his actions were heavily influenced by the flakka and alcohol. However, Morrison's motion was properly denied, as voluntary intoxication is not a defense to the general intent crime of second-degree murder. *See Gibbs v. State*, 904 So. 2d 432, 437 (Fla. 4th DCA 2005) (citing *Kiley v. State*, 860 So. 2d 509, 510 n.1 (Fla. 4th DCA 2003)).

*Gray v. State*, 731 So. 2d 816 (Fla. 5th DCA 1999), is instructive. There, the defendant, "after allegedly ingesting drugs and alcohol, attempted to sexually assault a woman in a dressing room of a clothing store." *Id.* at 817-18. At trial, the defendant attempted to rely on a general insanity defense predicated on the situational effects of voluntary drug intoxication. *Id.* at 818. The defense presented expert testimony that, at the time of the attack, the defendant did not know what he was doing, did not know the consequences of his actions, and did not know right from wrong. *Id.* The trial court rejected this defense. In affirming that decision, our sister court explained that "the fact that the crime is committed because the intoxicant arouses passions, diminishes perceptions, releases inhibitions or clouds reason or judgment is not a defense." *Id.* at 817. The defense of voluntary intoxication is not a defense to a general intent crime and only applies

where "one is so intoxicated that he cannot form a statutorily required specific intent. . . ." *Id.*[1]  Second-degree murder is a general intent crime. *Gibbs*, 904 So. 2d at 437; *Jackson v. State*, 699 So. 2d 306, 308 (Fla. 1st DCA 1997).

Here, the evidence viewed in the light most favorable to the State showed that Morrison brutally beat the victim without justification or excuse after becoming voluntarily intoxicated.  The evidence also showed that Morrison was a heavy polysubstance abuser who had been using flakka for several months before this incident occurred.  The State's expert testified that Morrison was insane at the time of the beating but that the insanity was a result of his voluntary consumption of flakka and sweet liquor earlier that day.  This evidence is sufficient to support Morrison's conviction for second-degree murder.

*B.  The State's Closing Argument*

During closing argument, the prosecutor argued "[w]e're asking you to find him guilty of first-degree murder because it's premeditated murder, because that is what he did.  Had that not been what he did, we wouldn't have charged him that way."  Morrison argues that this comment was improper and necessitates a new trial.  We agree that the comment was improper, as did the trial court when it sustained Morrison's objection, but we do not agree that a new trial is warranted.

As a preliminary matter, Morrison did not preserve the issue for review because he never moved for a mistrial after the trial court sustained his objection.  *See Allen v. State*, 662 So. 2d 323, 328 (Fla. 1995) (requiring contemporaneous objection *and* motion for mistrial to preserve allegedly improper prosecutorial comments for appellate review); *Cole v. State*, 866 So. 2d 761, 763 (Fla. 1st DCA 2004) (explaining that counsel must move for a mistrial at some point before the end of the prosecutor's closing argument to preserve error over inappropriate remarks to the jury).  Therefore, we review the prosecutor's comment for fundamental error.  *Thomas v. State*, 748 So. 2d 970, 985 n.10 (Fla. 1999).

Morrison primarily relies on *Brinson v. State*, 153 So. 3d 972 (Fla. 5th DCA 2015), to support his contention that the prosecutor's comment warrants a new trial.  *Brinson*, however, is distinguishable.  In *Brinson*,

---

[1] Voluntary intoxication was a defense to "specific intent" crimes under Florida common law.  This defense was eliminated by the legislature in 1999.  *Lewis v. State*, 817 So. 2d 933, 933 (Fla. 4th DCA 2002) (citing to section 775.051, Fla. Stat. (1999)).

the prosecutor made an improper comment during opening statements referencing the State's charging decision. *Id.* at 975. As in the instant case, the comment implied that the prosecutor would not have brought charges if the defendant was innocent. *See id.* In both cases the defendant objected, and in both cases the objection was sustained. *Id.* Neither defendant, however, took further action. *Id.*

The *Brinson* court found that, although "[i]t was improper for the prosecutor to reference the State's charging decision during opening statements because it implied that . . . it had already been determined that [the] defendant was guilty[, . . .] *because Brinson made no request for further action from the court after his objection was sustained, these remarks alone do not warrant a new trial.*" *Id.* (emphasis added). Brinson was ultimately granted a new trial, but that was based on "the cumulative effect of the prosecutor's improper comments in both opening statements and closing arguments." *Id.* at 980. The improper comments in *Brinson*, however, were numerous, whereas, here, only a single improper comment occurred.[2] This comment does not rise to the level of fundamental error warranting reversal.

**Conclusion**

No evidence in this case suggests that Morrison had a specific intent to fatally attack the elderly victim. However, the evidence does indicate that he "voluntarily intoxicated" himself with a combination of illegal and dangerous drugs, despite having been previously convicted for violent criminal offenses committed while under the influence of the same or similar intoxicants. The end result was the same as it would have been if Morrison had set out to deliberately murder a person. Here, an intentional wrongful action on the part of Morrison resulted in the death of the victim. There was no reversible error, and the judgment and sentence are affirmed.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

---

[2] Morrison argues that the prosecutor made an additional improper comment by comparing the voluntary consumption of drugs to a DUI case. This contention is without merit as the comment was not objected to at trial and fell within the wide latitude afforded advocates during closing argument. *See Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982).

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*