444 So.2d 967 (1983)
Leon R. BARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. AR-183.
District Court of Appeal of Florida, First District.
December 2, 1983.
Rehearing Denied February 13, 1984.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
The issue in this case is whether the trial court erred in allowing the prosecutor to *968 read into evidence a series of questions and answers from a criminal discovery deposition. Since the questions and answers did not properly impeach the witness, we reverse.
Appellant, Leon R. Barnett, was found guilty of grand theft of travelers checks having a value exceeding one hundred dollars. At his jury trial on January 25, 1983, the state called as a witness one Gilchrest. When asked if she went to Mobile, Alabama, with the defendant and two other persons in July 1982, she answered "No." At that point, the prosecutor pulled out a discovery deposition of the witness taken on November 16, 1982, read certain questions and answers from the deposition, and asked Gilchrest if she recalled being asked those questions and giving those answers. Gilchrest said she did not remember the questions and answers. The prosecutor continued to read her deposition testimony concerning different events on the trip to Mobile, and the witness consistently maintained that she did not recall the questions or answers. Gilchrest admitted she made a trip to Mobile with a friend (not defendant) and remembered attending her deposition in November, but could not remember what happened. The state moved that Gilchrest be deemed a court witness, and such motion was granted. The court then denied the prosecutor's motion to introduce the deposition into evidence; nevertheless, over defendant's objection, the court permitted the prosecutor to continue reading a number of questions and answers into evidence, asking the witness if she recalled each question and answer, and every time receiving the same denial.
The court did not explain its reason for permitting the deposition to be used in this manner. Obviously it was not useful to refresh the witness's recollection. Nor were the questions and answers properly read as an effort to impeach the witness as no predicate for impeachment was laid. The witness professed to have been under the influence of drugs on the trip to Mobile, as well as when the deposition was taken, and she did not testify at trial to any substantive facts concerning the trip. The import of her testimony was simply, "I do not remember."
We can only conclude that the deposition testimony was received in evidence as substantive proof of the matters covered therein, and it appears to have been given such effect by the jury. The state's brief recognizes this to be the case, as it defends the trial court's ruling by arguing that the witness was, because of her lack of memory, an unavailable witness, thereby making her deposition admissible as substantive evidence pursuant to the "former testimony exception" to the hearsay rule in Section 90.804(2)(a), Florida Statutes (1981). The state attempts to distinguish the cases relied upon by appellant[1] by pointing out that such cases were decided prior to adoption of this "former testimony exception" in the evidence code.
Our decision in this case is governed by Terrell v. State, 407 So.2d 1039 (Fla. 1st DCA 1981). At the trial of that case, the state read the contents of a criminal discovery deposition into evidence when it was determined that the witness was unavailable for trial. On appeal the state argued that introduction of the deposition was proper under the former testimony exception to the hearsay rule in Section 90.804(2)(a). The state also attempted to distinguish the cases relied upon by the defendant by arguing, as it has here, that such cases were decided before the adoption of the evidence code. Rejecting this argument, we held that the criminal discovery deposition was inadmissible as substantive evidence because Rule 3.220(d), Florida Rules of Criminal Procedure, limits the use of a criminal discovery deposition at trial solely to impeachment of the witness and that Section 90.804(2)(d) does not justify admission of discovery deposition testimony as substantive evidence contrary *969 to the limited use provisions in Rule 3.220(d). Deposition testimony to be used at trial must be taken in accordance with Rule 3.190(j), Florida Rules of Criminal Procedure.
The deposition in this case was taken for discovery purposes only, without defendant being present and without complying with Rule 3.190(j). Accordingly, it was error to allow the prosecutor to read the deposition in the manner and for the purpose described. Because this deposition testimony was the principal evidence directly implicating appellant in the criminal transaction charged, we must presume that it affected the outcome of the trial. Thus, this error was prejudicial to appellant's right to a fair trial and cannot be treated as harmless.
Regarding the other issues urged by appellant, we find no abuse of discretion in the circuit court's denial of the motion in limine seeking to exclude evidence of defendant's drug usage. Additionally, we find that the court, at the time it made its ruling, did not abuse its discretion in denying appellant's motion for judgment of acquittal. By this finding, however, we do not intimate any opinion as to the sufficiency of the evidence on retrial pursuant to our ruling on the evidentiary question herein presented.
The judgment is reversed, and the case is remanded for a new trial.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
Both the state and appellant, Barnett, filed motions for rehearing and rehearing en banc. Appellant asserts a potential conflict exists with this court's decision in Warren v. State, 443 So.2d 381 (Fla. 1st DCA 1983), in which the burglary convictions of Barnett's coparticipants were reversed for lack of evidence to prove the burglary charges. Appellant's motion, however, was not timely filed pursuant to rule 9.330, Florida Rules of Appellate Procedure. Both motions are denied.
By way of clarification, we point out that the decision in Warren v. State, supra, was filed after the decision in this case. If any conflict exists, Warren is in conflict with this decision, not vice versa; accordingly, this decision is not subject to en banc proceedings under appellate rule 9.331. No motions for rehearing have been filed in Warren. In any event, Barnett was tried separately from Warren and Wilkerson, and the evidence in this case was different from that presented in Warren v. State, supra. Our decision that the evidence was sufficient to withstand Barnett's motion for judgment of acquittal was based upon the evidence before the trial court at the time it made its ruling, including testimony elicited through the improper use of a deposition of a critical witness, which we held to be inadmissible. We did not pass upon the sufficiency of the evidence in the absence of such improper testimony. Should the state elect to retry Barnett, the state may or may not present additional competent evidence in support of the charges against appellant, and at that time the trial court can pass upon the sufficiency of that evidence in light of the decision in Warren v. State, supra, and other pertinent cases.
The motions for rehearing are DENIED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Rankin v. State, 143 So.2d 193 (Fla. 1962); State v. James, 402 So.2d 1169 (Fla. 1981); Hill v. State, 355 So.2d 116 (Fla. 4th DCA 1978).