499 So.2d 64 (1986)
Johnny Clyde PRESLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BJ-351.
District Court of Appeal of Florida, First District.
December 24, 1986.
Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his conviction for second degree murder. After his counsel filed an Anders brief, appellant filed a pro se brief alleging that the evidence at trial was insufficient to support a conviction of second degree murder. We disagree and affirm.
On the afternoon of the homicide, appellant was hosting a barbecue at his home. After observing that an automobile containing six passengers, including the victim, had stopped in the middle of the dirt road in front of his house, he approached the vehicle. One of the passengers in the automobile was a man with whom appellant had previously disagreed. Another argument between them erupted which escalated to the point where appellant took his gun out of his hip pocket and discharged it into the window of the automobile, killing a *65 young girl. Just minutes before the fatal shooting, appellant's wife had urged him to return to their home to attend to their guests.
We hold that the above facts are sufficient to support the jury's verdict of second degree murder. See the following cases upholding second degree murder convictions: State v. Bryan, 287 So.2d 73 (Fla. 1973) (intentional and forceful striking of another person in anger with a loaded pistol which accidentally discharged); Larsen v. State, 485 So.2d 1372 (Fla. 1st DCA 1986), aff'd, 492 So.2d 1333 (Fla. 1986) (striking a 49-year-old arthritic woman, weighing 95 pounds, with sufficient force to cause her to suffer a fatal skull fracture when she hit the floor); Hines v. State, 227 So.2d 334 (Fla. 1st DCA 1969) (pointing a gun at the victim while making joking remarks); Walden v. State, 191 So.2d 68 (Fla. 1st DCA 1966) (shooting victim as she attempted to escape following an argument in a "juke-joint"); Dellinger v. State, 495 So.2d 197 (Fla. 5th DCA 1986) (pointing a gun at the victim's head, without knowing whether it was loaded, and then pulling the trigger).
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.