745 So.2d 1036 (1999)
James W. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2761.
District Court of Appeal of Florida, First District.
October 25, 1999.
Rehearing Denied December 8, 1999.
*1037 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant was arrested and convicted on a charge of battery on a law enforcement officer based upon an incident in which the officer was struck on the shoulder by appellant as the officer was waiting for an elevator outside the courtroom after the officer testified in a traffic case against appellant. As grounds for reversal, appellant contends (1) that the statute providing for an enhanced penalty for the offense of battery when committed against a law enforcement officer was improperly applied because the officer was not at the time "engaged in the lawful performance of his... duties," as provided by section 784.07(2), Florida Statutes (1997); and (2) that the trial court erred in instructing the jury in regard to the scope of the officer's legal duty. Upon consideration of the arguments made and authorities presented in the briefs of the parties, finding no reversible error, we affirm.
The record shows that after testifying in court against appellant on a traffic violation charge, Officer Berens was followed from the courtroom by the obviously hostile appellant. As Berens reached the elevator, some 15 to 20 feet from the entrance to the courtroom, he was struck from behind on his left shoulder. Turning, he saw no person in his immediate vicinity other than appellant, whereupon, he then loudly berated and admonished appellant not to "ever touch him" again. The presiding judge, hearing the commotion, sent a bailiff to instruct both the officer and the appellant to return to the courtroom. Upon hearing Officer Berens' explanation that appellant had hit him, the judge said, "Well, why don't you arrest him?" Berens did as suggested, and appellant was thereafter charged with the offense of battery on a law enforcement officer. Under section 784.07(2)(b), Florida Statutes (1997), the offense of battery upon a law enforcement officer, while the officer is "engaged in the lawful performance of his or her duties," is reclassified from a misdemeanor of the first degree to a felony of the third degree. Appellant argues here that a slap on the shoulder of an officer waiting for an elevator outside a courtroom is not, as a matter of law, a battery upon an officer "engaged in the lawful performance of his duties," and the officer is therefore not entitled to the special protections of the statute. We disagree, and find that the trial court did not err in denying appellant's motion for judgment of acquittal as to any offense covered by the enhancement provisions of section 784.07(2), Florida Statutes (1997).
Our standard for review is whether the trial court abused its discretion in denying the motion for judgment of acquittal. See, e.g., Terry v. State, 668 So.2d 954 (Fla.1996); Moore v. State, 537 So.2d 693 (Fla. 1st DCA 1989); Barnett v. State, 444 So.2d 967, 969 (Fla. 1st DCA 1983).
Appellant maintained below, as here, that to apply the enhanced penalty of the statute under these facts would be in effect to apply the statute as placing a law enforcement officer in "an elite class of untouchables," contrary to the holding of the Florida Supreme Court in Soverino v. State, 356 So.2d 269 (Fla.1978), in which the court held that this was neither the purpose nor the effect of the statute. Appellant *1038 further asserts that the officer was entitled to no greater protection than any other witness called upon to give testimony and who, after discharging his civic responsibility, is making his way out of the courthouse. We disagree.
We find a distinction, though subtle, between the appearance of an arresting officer as a witness in a court proceeding, and the ordinary citizen who testifies. The ordinary citizen appears in court as a witness in response to a subpoena from the State of Florida, or because of a personal interest in the proceeding. The appearance in court of the arresting officer, on the other hand, stems from and is inseparably connected with the performance of his duties that commenced at the time of the apprehension or arrest of the offender.
We are of the view that the trial court did not abuse its discretion in recognizing the unique position occupied by the arresting officer in criminal prosecutions. The trial court could properly have determined that during the court hearing itself the officer was engaged in the lawful performance of his duties, as indeed agreed by defense counsel below. The next question to be addressed by the court was: When does the court appearance begin and when does it end? On this point, the court reasoned that since we do not as yet live in a "beam me up, Scotty" world, so that the officer might simply materialize in the courtroom and depart in the same fashion, there logically must exist some point at which the officer's entrance into and exit from the courtroom may be considered as inseparably intertwined with his actual courtroom testimony from the witness stand. The trial court concluded that the jury could find that the officer was within the scope of his duties when he was struck immediately outside of the courtroom door after having testified. We decline to disturb the trial court's ruling, especially in the absence of citation to any decision refusing to recognize the statutory protection given to police officers under similar circumstances. We find nothing in the Soverino case to compel a contrary result.
We now turn to the second issue, the alleged error in instruction to the jury which occurred during closing argument by defense counsel, when the court made certain statements to the jury in disposing of the state's objection to a defense argument. After reminding the jury of prior instructions regarding its duty to make a determination of questions of fact and the court's duty to make the decisions as to the law, the court stated:
Now, attendance at a court hearing and present [sic] within the reasonable environs of the court environment, the area, is part of the lawful duties of an enforcement officer. Whether that was what was happening or did that take place is a question of fact.
. . . .
The factual question in a hypothetical case would be was that what the officer was doing, you see. That's part of the question of fact for the jury to be resolved. In this instance it has already been held, attendance at a court hearing and presence within the reasonable environs of the court is part of the lawful duties of an enforcement officer. The question of fact for you to determine is that what the officer was doing at the time of this alleged episode. That's your factual decision.
The record does not reflect any objection by defense counsel or request for further or clarifying instruction on this issue, nor does the record show that the matter was referred to in the final instructions to the jury. While it is error for a trial court to invade the fact-finding province of the jury in prosecutions for battery on a law enforcement officer, see Williams v. State, 614 So.2d 640, 641 (Fla. 2d DCA 1993), non-case specific instructions are appropriate when they correctly reflect established statutory law. See, e.g., State v. Anderson, 639 So.2d 609 (Fla. 1994) (approving instruction on legal duty, *1039 "an arrest and detention constitutes a lawful execution of a legal duty"). Where the offense contains an element that the officer is engaged in the lawful performance of a legal duty, instructions informing the jury of the duty being performed have been approved. See, e.g., Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991) (arresting a person on a warrant constitutes lawful execution of a legal duty). The instruction given by the court in the case before us was a general observation as to the duty status of a police officer while in attendance at a court hearing and presence within the reasonable environs of the court. The instruction, as such, was not case-specific, and it did not instruct the jury to find as a matter of fact that the officer was in the performance of his legal duties while waiting for the elevator outside the courtroom. Thus, we believe the issue was correctly presented to the jury as a question of fact to be determined by it.
We note the decision in Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999), cited by appellant as supplemental authority. The issue in Jay involved interference or obstruction of a police officer in the performance of a legal duty. The discussion by the court in that case involved the distinction between actions by an officer which constitute "executing a legal duty," as opposed to a situation where the officer is merely "on the job." We find little in the discussion there that would be applicable to the case before us.
It is, accordingly, ordered that the judgment and sentence on appeal are affirmed.
BOOTH, J., and SMITH, LARRY G., Senior Judge, concur; BENTON, J., concurring with written opinion.
BENTON, J., concurring.
Neither here nor below did James W. Lee contend that Officer Berens was not "engaged in the lawful performance of duty" when he actually testified. The court properly rejects the assertion that judge and jury erred in viewing Officer Berens's presence outside the courtroom after he testified but before the elevator arrived as a necessary concomitant to the testimony.