753 So.2d 648 (2000)
Norris NELSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2057.
District Court of Appeal of Florida, Third District.
March 8, 2000.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before SHEVIN, RAMIREZ, JJ., and NESBITT, Senior Judge.
RAMIREZ, J.
Norris Nelson appeals his conviction and sentence for four counts of aggravated assault *649 with a firearm on a law enforcement officer and one count of resisting arrest without violence. He was sentenced as a habitual felony offender to thirty years in state prison. The only issue Nelson raises is that the evidence was insufficient for a jury to conclude that he knew that the officers were in law enforcement, an essential element of the offense. We hold that the trial court properly submitted the issue to the jury and, therefore, affirm.
On March 4, 1997, Detectives Garcia and Aleman were driving in an unmarked vehicle when Garcia saw Nelson enter a vehicle with a rifle in his hand. Garcia followed Nelson, mounted a blue police light on the dashboard of the unmarked police vehicle, and tried unsuccessfully to have the suspect vehicle pull over. At one point, Nelson's vehicle stopped, Nelson exited the vehicle with a rifle in his hand, and took off running. The detectives attempted to follow Nelson on foot. They were dressed in plainclothes, but Detective Aleman was wearing a T-shirt with a printed police badge on the front and "Police" printed in large letters on the back. At this point, Nelson stopped, turned around, aimed his rifle toward the detectives, and attempted to fire at them. While these detectives took cover, Nelson fled toward Detectives Dominguez and Miller, who had responded to the radio transmission alert. Dominguez and Miller were also wearing plainclothes, and their unmarked vehicle had its blue police light flashing on the vehicle's dashboard. When Dominguez and Miller spotted Nelson, Nelson pointed his rifle at them. Shortly thereafter, Nelson was apprehended after he boarded a bus. During the chase, Nelson discarded the rifle.
Nelson moved for a judgment of acquittal on the ground that there was insufficient evidence that he knew the detectives were police officers. The court denied the motion, holding that this was a jury question. We agree.
The rule for reviewing a motion for judgment of acquittal was established in Lynch v. State, 293 So.2d 44 (Fla.1974), which stated that:
[C]ourts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.
Id. at 45. In circumstantial evidence cases, "a judgment of acquittal is appropriate if the State fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Barwick v. State, 660 So.2d 685, 694 (Fla. 1995). Therefore, at the outset, "the trial judge must first determine there is competent evidence from which the jury could infer guilt to the exclusion of all other inferences." Id. After the judge determines, as a matter of law, whether such competent evidence exists, the "question of whether the evidence is inconsistent with any other reasonable inference is a question of fact for the jury." Long v. State, 689 So.2d 1055, 1058 (Fla.1997); see also State v. Law, 559 So.2d 187, 188-89 (Fla. 1989) (applying circumstantial evidence rule to determination of motion for judgment of acquittal). On review, the appellate court must view the conflicting evidence in a light most favorable to the state. Peterka v. State, 640 So.2d 59, 68 (Fla.1994). A jury's verdict will not be overturned on appeal as long as competent, substantial evidence supports it. Woods v. State, 733 So.2d 980, 985 (Fla. 1999).
We consider the blue lights on two different vehicles in conjunction with a concerted effort by four men to apprehend Nelson, with one of them wearing a T-shirt with police markings, sufficient to support the jury's verdict.
Nelson relies heavily on People v. Estrella, 31 Cal.App.4th 716, 37 Cal.Rptr.2d 383 (1995). But that case involved an entirely different statutory scheme. The defendant was accused of fleeing a peace officer and the statute specifically required the peace officer's vehicle to be "distinctively *650 marked." In the instant case, section 784.07(2)(c), Florida Statutes (1997) reclassifies aggravated assault from a third-degree felony to a second-degree felony when the assault is committed upon a law enforcement officer. The only requirement is that the defendant know of the victim's status as a law enforcement officer. See Thompson v. State, 695 So.2d 691, 692 (Fla.1997).
Affirmed.