790 So.2d 1194 (2001)
Dennis Ray JONES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2878.
District Court of Appeal of Florida, First District.
August 3, 2001.
*1195 Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Robert L. Martin, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.

EN BANC
PADOVANO, J.
We conclude that the evidence presented at trial was sufficient to support a conviction for the crime of burglary. Therefore, we reject the defendant's argument that the trial court should have granted his motion for a judgment of acquittal. Because the defendant has not shown that the trial court committed reversible error in any other respect, his conviction for burglary is affirmed.
The defendant, Dennis Ray Jones, was charged with the crimes of burglary while armed and aggravated battery. These charges were based on an accusation that the defendant entered a mobile home occupied by Andrina Dorsey and then attacked her with a knife once inside. Ms. Dorsey and the defendant were previously involved with each other in a personal relationship. They are not married and do not presently live together, but they are the natural parents of two children. Occasionally, the defendant would come to see Ms. Dorsey to speak with her about the children.
At one time, the defendant had a key to the mobile home, but Ms. Dorsey took the key back prior to the incident giving rise to the charges in this case. The defendant continued to visit Ms. Dorsey and the children at the mobile home. However, there is no evidence that he entered the residence *1196 without permission at any time after the key had been returned.
On the night of July, 15, 1999, Ms. Dorsey got up to adjust her air conditioner and discovered the defendant standing inside her mobile home. She was surprised, because she had not invited the defendant to come into her home that night. The defendant walked toward her, and she noticed that he was holding something in his hand. At that point, Ms. Dorsey fell to the floor and put her hands over her face. She testified that she was afraid that the defendant was about to hit her.
Although she never saw the object the defendant was holding in his hand, Ms. Dorsey testified that she felt a knife as it went across her fingers. She screamed and asked the defendant not to hurt her. The defendant helped her up, brought her into the bedroom, and gave her a shirt which she used to wrap her hand to stop the bleeding. He said that he didn't mean to cut her. Ms. Dorsey told the defendant that she was going to call the police, and the defendant then left.
At the close of the state's case, the defendant moved for a judgment of acquittal on the burglary charge. He argued that the evidence was insufficient to prove that he had entered the residence without the victim's consent. The trial court concluded that the evidence was sufficient to establish a prima facie case of burglary and therefore denied the motion.
The jury found the defendant guilty of the lesser crime of burglary, and not guilty of the crime of aggravated battery. Subsequently, the trial judge adjudicated the defendant guilty of burglary and placed him on probation for three years. An appeal was timely filed to this court. Here, as in the trial court, the defendant contends that the evidence is insufficient to show that the entry was without consent.
We have decided to hear this case en banc to resolve a conflict in our opinions regarding the applicable standard of review.[1] In State v. Williams, 742 So.2d 509 (Fla. 1st DCA 1999), this court stated that an order on a motion for a judgment of acquittal is reviewed by the de novo standard, yet in Whetstone v. State, 778 So.2d 338 (Fla. 1st DCA 2000), Lee v. State, 745 So.2d 1036 (Fla. 1st DCA 1999), Moore v. State, 537 So.2d 693 (Fla. 1st DCA 1989), and Barnett v. State, 444 So.2d 967 (Fla. 1st DCA 1983), the court said that such an order is reviewed by the abuse of discretion standard. For the reasons that follow, we adhere to our decision in Williams and hold that an order on a motion for a judgment of acquittal is reviewed by the de novo standard.[2]
Contrary to our statements in Whetstone, Lee, Moore, and Barnett, the decision *1197 to grant or deny a motion for a judgment of acquittal is not one that calls for the exercise of judicial discretion. If the evidence is legally sufficient to support the elements of the alleged crime, the trial court has no discretion to acquit the defendant by taking the case from the jury. Conversely, if the evidence is not sufficient to support the elements of the alleged crime, the trial court cannot simply decide to submit the case to the jury anyway. We now correct the error in Whetstone, Lee, Moore, and Barnett, by receding from these decisions to the extent that they misstate the applicable standard.
The proper standard of review of an order is determined primarily by the nature of the adjudication in the lower tribunal. Here, the trial judge determined that the evidence was sufficient to sustain a conviction for burglary. This was a decision on a question of law. As the Supreme Court explained in Tibbs v. State, 397 So.2d 1120 (Fla.1981), the sufficiency of the evidence is a test of legal adequacy. The question is whether the evidence is capable of supporting the verdict the state will ask the jury to render. Unlike a decision regarding the weight of the evidence, which has a subjective component, a ruling on the sufficiency of the evidence adjudicates an issue of law.
A criminal defendant may challenge the sufficiency of the evidence in the trial court by making a motion for a judgment of acquittal at the close of the state's case. See Fla.R.App.P. 3.380(a). The question presented by the motion is whether the evidence is legally adequate to support the charge. As the supreme court explained in Lynch v. State, 293 So.2d 44, 45 (Fla.1974):
The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.
Because a motion for a judgment of acquittal presents an issue of law, the trial court's order on the motion is reviewed on appeal by the de novo standard of review.[3]
The Florida appellate courts have consistently applied this standard, even though they have not often identified it by these terms. One familiar statement of the rule is that in reviewing an order denying a motion for a judgment of acquittal the appellate court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the state. See, e.g., Woods v. State, 733 So.2d 980 (Fla.1999); Lewis v. State, 754 So.2d 897 (Fla. 1st DCA 2000); Wallace v. State, 764 So.2d 758 (Fla. 2d DCA 2000); Nelson v. State, 753 So.2d 648 (Fla. 3d DCA 2000). This is a correct statement of the standard of review, but it is also the same standard the trial court must apply in ruling on the motion initially. By applying the same standard, the appellate courts are, in effect, reviewing the decision de novo. The sufficiency of the evidence to support a particular criminal charge, whether evaluated by the trial court or by an appellate court, is a question of law. See Steven Alan Childress and Martha S. Davis, Standards of Review, § 9.10 (1986).
*1198 Our application of the de novo standard is also supported by analogous decisions of the federal courts. Rule 29 of the Federal Rules of Criminal Procedure is essentially the same as rule 3.380 of the Florida Rules of Criminal Procedure. Both rules allow the defendant to move for a judgment of acquittal on the ground that the evidence is insufficient to support the charge. The federal courts have held that an order on a motion for judgment of acquittal under rule 29 is reviewable by the de novo standard of review. See United States v. Rodriguez, 218 F.3d 1243 (11th Cir.2000); United States v. Steele, 178 F.3d 1230 (11th Cir.1999); United States v. Chastain, 198 F.3d 1338 (11th Cir.1999). As we have explained, the result should be no different in state court.
In the present case we conclude that the trial judge was correct as a matter of law in denying the defendant's motion for a judgment of acquittal. We acknowledge that some of the evidence might support an inference that the defendant had permission to enter the residence. The victim knew the defendant was coming to see her on the night of the offense, and she had apparently given him an open invitation to come into the residence at some point in the past. On the other hand, the victim gave direct testimony that she did not invite the defendant into the residence on the night of the offense. That would be enough to defeat the motion, but the claim of consent is also refuted by other evidence. For example, the fact that the victim took her key back is a good indication that the defendant was no longer permitted to come into the residence at will.
For these reasons, we conclude that the evidence at trial was sufficient to support a conviction for burglary. Therefore, we conclude that the trial court correctly denied the defendant's motion for a judgment of acquittal.
ALLEN, C.J., ERVIN, BOOTH, BARFIELD, MINER, WOLF, KAHN, WEBSTER, DAVIS, BENTON, VAN NORTWICK, BROWNING, LEWIS and POLSTON, JJ., concur.
NOTES
[1] Rule 9.331(c) of the Florida Rules of Appellate Procedure authorizes a district court of appeal to hear a case en banc on its own motion. Subdivision (a) of the rule provides in material part that the court may consider an appeal en banc when "necessary to maintain uniformity in the court's decisions." The district courts are free to adopt their own standards for determining whether en banc consideration is required to maintain uniformity of decisions. An intradistrict conflict may justify en banc review even if it does not meet the more exacting definition of "express and direct conflict" in the context of the supreme court's discretionary jurisdiction. See Chase Federal Savings & Loan Ass'n v. Schreiber, 479 So.2d 90 (Fla.1985).
[2] We recognize that a more specific standard applies on review of the sufficiency of the evidence in a case that is based entirely on circumstantial evidence. See Beasley v. State, 774 So.2d 649 (Fla.2000); State v. Law, 559 So.2d 187 (Fla.1989). Although the sufficiency of the evidence is no less an issue of law in this line of circumstantial evidence cases, our decision does not alter any of the principles established in these cases.
[3] Whether the trial court correctly denied a motion for a judgment of acquittal is not precisely the same question as whether the verdict ultimately rendered by the jury is supported by the evidence. The judge must determine whether the case presents an issue that can be decided by a jury. What the jury may do with the case once it has crossed this legal threshold is a different question. A jury verdict, like all other findings of fact, is subject to review on appeal by the competent substantial evidence test. See White v. State, 446 So.2d 1031 (Fla.1984).