WARNER, J.
We affirm appellant’s conviction of grand theft, finding his claim that he’ was entitled to a judgment of acquittal is without merit. Athough the appellant argues that the state failed to show he had the intent to deprive the owner of his property, we conclude that the state presented sufficient evidence for the jury to conclude that he had the requisite intent.
An order on a motion for judgment of acquittal is reviewed under the de novo standard of review. See Jones v. State, 790 So.2d 1194, 1196 (Fla. 1st DCA 2001). The court should not grant a motion for judgment of acquittal unless, when viewed in a light most favorable to the state, the evidence does not establish the prima facie case of guilt. See Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA), dismissed, 725 So.2d 1107 (Fla.1998).
Section 812.014(1), Florida Statutes (2001), provides:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
The state charged appellant with removing the contents of a mobile home after it was purchased by a new owner. Appellant contended that he had permission from the prior owner to remove the property. According to the state’s witnesses, when Ro-zler, the prior owner, and Rogers, the new owner, closed on the sale of the mobile home, all the appliances and fixtures were intact. Rozler gave Rogers the key, and he locked the trailer. That evening Rogers returned to find the property, including both outside doors, gone. He called the police and the property was discovered at appellant’s mobile home down the street. Appellant said he knew of the sale of the property but produced a note from Rozler, dated three weeks before the actual sale, stating that he had permission to remove the contents. Taken in a light most favorable to the state, we conclude that the issue of intent should have been left to the jury as the state presented some evidence that appellant knew at the time he removed the property that the mobile home was owned by someone other than Rozler.
Appellant’s testimony disputed much of the state’s evidence, including the evidence regarding when he removed the property from the mobile home. He claimed he removed the property two weeks prior to the actual sale. This was directly refuted by Rogers who testified that all of the property was present at the closing. The resolution of all of the disputed facts was for the jury, which disbelieved appellant’s version of events.
Affirmed.
POLEN, J., concurs.
MAY, J., dissents. .