BENTON, J.
Adjudicated guilty of five offenses related to producing and trafficking in methamphetamine, Tom Scarborough argues two points on direct appeal. As to the contention that the trial court erred in denying his motion to suppress, we affirm without further discussion. But we agree the evidence was insufficient to support the conviction under section 893.149, Florida Statutes (2010), for unlawful possession of acetone for the purpose of manufacturing methamphetamine. Accordingly, we reverse that one conviction and the sentence imposed for it.
“We review de novo the trial court’s denial of a motion for [judgment of acquittal], to determine solely whether the evidence is legally sufficient.” Robinson v. State, 936 So.2d 1164, 1166 (Fla. 1st DCA 2006) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002); Jones v. State, 790 So.2d 1194, 1196 (Fla. 1st DCA 2001) (en banc)). “The legal test for determining whether a JOA should be granted is ‘whether after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment.’ ” Id. (quoting Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). In the present case, the state had the burden of proving, inter alia, that Mr. Scarborough possessed acetone at the time and place alleged. See § 893.149, Fla. Stat. (2010).
*798 The only evidence regarding Mr. Scarborough’s possession of acetone was the testimony of a law enforcement officer that “there was a container in the kitchen that it was used in.” This testimony establishes only that a container was present. The state did not prove what, if anything, was in the container. This testimony was not, therefore, sufficient evidence on which the jury could find, beyond a reasonable doubt, that Mr. Scarborough possessed acetone on the date charged in the information. We reverse the denial of the motion for judgment of acquittal on the charge of unlawful possession of acetone for the purpose of manufacturing methamphetamine and reverse the conviction and sentence for that offense. The judgment of guilt and attendant sentences on the other four charges are affirmed.
Affirmed in part and reversed in part.
LEWIS, C.J. and SWANSON, J., concur.