IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KYREE LUIS PEREZ,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-510

Opinion filed April 12, 2016.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Nancy A. Daniels, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

RAY, J.

Kyree Luis Perez, Appellant, was convicted of attempted second-degree murder for shooting his former friend, Michael Coley, in the abdomen in response to Coley's provocation to engage in a fist fight. Appellant argues that the trial court should have granted his motion for a judgment of acquittal because the evidence

showed only an impulsive overreaction to Coley's behavior, making manslaughter the highest suitable conviction. Contrary to Appellant's argument, the evidence was legally sufficient for the jury to find, as it did, that Appellant shot Coley with the ill will, hatred, spite, or evil intent necessary to support a conviction for attempted second-degree murder. Therefore, we affirm.[*]

In the light most favorable to the State, the evidence established the following facts. Appellant and Coley were approximately nineteen and twenty years old, respectively, at the time of the shooting. They lived in the same neighborhood and had been good friends in middle school. At some point, for a reason not revealed at trial, a rift developed in their relationship. They would still interact in a civil manner for neighborhood basketball games, but their differences remained unresolved.

On the evening of the shooting, Coley and a friend were walking along a street when Appellant approached them from behind on a bicycle. Appellant and Coley exchanged words and ended up arguing face-to-face. Appellant and Coley yelled at one another, but neither pushed, shoved, kicked, or punched the other. During the heated verbal exchange, Coley walked toward Appellant, challenging him to a physical fight. Coley testified that he asked Appellant for a "fair fight,"

---

[*] Appellant also challenges the exclusion of testimony that he attempted to elicit on cross-examination of one of the State's witnesses. We conclude, without further comment, that this error was harmless under the test of State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986).

2

one-on-one, to finally settle their differences. Appellant stated that he "wasn't taking no losses," and as Coley walked toward Appellant in pursuit of a fight, Appellant pulled out a gun and put it in Coley's face.

Surprised and angry, Coley pushed the gun away and continued moving towards Appellant, asking if Appellant was seriously pulling a gun on him. From an arm's length away, Appellant put the gun on Coley's stomach, and it "went off." Coley called Appellant's name and said, "[Y]ou shot me." Appellant answered, "I know. I should have killed you." As Coley's friend scrambled away from the scene, Appellant pointed the gun at him. The friend hid behind an electrical box, and both Coley and the friend heard a couple more gunshots shortly after the first one. Appellant then left on his bicycle.

Appellant's bullet entered Coley's abdomen, struck an artery, pierced his lung, and lodged in his spine. Coley was temporarily paralyzed, later suffered serious complications from blood clots, and remained under a doctor's care at the time of trial, approximately seven months after the incident.

Under these facts, we find no error in the denial of Appellant's motion for judgment of acquittal, which focused on the intent element of attempted second-degree murder. A trial court's denial of a motion for judgment of acquittal is reviewed de novo. Jones v. State, 790 So. 2d 1194, 1197 (Fla. 1st DCA 2001). If the evidence, when considered in the light most favorable to the State, is capable of

3

supporting a guilty verdict, a motion for judgment of acquittal must be denied. See id. at 1197-98. To grant a motion for judgment of acquittal, the trial court must find that the evidence is legally insufficient to support the elements of the crime. Id. at 1197. Accordingly, the appropriate inquiry on appeal is whether there is competent, substantial evidence to support the elements of the crime and, thereby, support the trial court's denial of the motion. Hobart v. State, 175 So. 3d 191, 199 (Fla. 2015) (quoting Jackson v. State, 25 So. 3d 518, 531 (Fla. 2009)).

Second-degree murder is "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual." § 782.04(2), Fla. Stat. (2013). The depraved-mind element of second-degree murder requires "ill will, hatred, spite, or an evil intent." Poole v. State, 30 So. 3d 696, 698 (Fla. 2d DCA 2010). In most cases, this intent must be inferred from the circumstances. Antoine v. State, 138 So. 3d 1064, 1074 (Fla. 4th DCA 2014) (quoting Williams v. State, 239 So. 2d 127, 130 (Fla. 4th DCA 1970)). To establish that the defendant acted with a depraved mind, the State must present evidence of circumstances showing more than an "impulsive overreaction" to an attack. Wiley v. State, 60 So. 3d 588, 591 (Fla. 4th DCA 2011) (citing Light v. State, 841 So. 2d 623, 626 (Fla. 2d DCA 2003)); Dorsey v. State, 74 So. 3d 521, 522 (Fla. 4th DCA 2011).

4

Appellant argues that the shooting was merely an impulsive overreaction to Coley's invitation and approach to fight. Appellant relies on four cases for support: Poole v. State, 30 So. 3d 696 (Fla. 2d DCA 2010); Bellamy v. State, 977 So. 2d 682, 684 (Fla. 2d DCA 2008); Rayl v. State, 765 So. 2d 917, 919-20 (Fla. 2d DCA 2000); and McDaniel v. State, 620 So. 2d 1308 (Fla. 4th DCA 1993). In these cases, the courts concluded that the State's evidence was insufficient to establish the intent element of second-degree murder (or attempted second-degree murder), where the defendants reacted to either an attack or a perceived imminent attack or were engaged in mutual physical fighting with the victims. Poole, 30 So. 3d at 697-98 (defendant stabbed unarmed victim when victim angrily lunged at him inside a cramped recreational vehicle, where victim was strong, larger than defendant, and had a reputation for violence, particularly when he had been drinking, as he had on the night in question); Bellamy, 977 So. 2d at 684 (defendant stabbed one victim when he was outnumbered and pushed against a wall and stabbed another after being pushed to the ground by a crowd of brawlers); Rayl, 765 So. 2d at 919-20 (defendant shot victim twice after victim "bust[ed] open" the door to his place of business and confronted him while threatening to kill him, after making that threat all day, allegedly being armed, and possibly lunging at defendant following the first shot); McDaniel, 620 So. 2d at 1308 (defendant stabbed son after son hit him in the mouth and knocked him to the ground). These cases essentially involved

5

imperfect self-defense claims. See Dorsey v. State, 74 So. 3d 521, 524 (Fla. 4th DCA 2011).

In contrast, although the evidence in the instant case showed that Coley challenged Appellant to a fight and actually advanced toward him, it does not necessarily establish that when Appellant shot Coley he was "impulsively acting out of fear to save himself." Cf. Antoine v. State, 138 So. 3d 1064, 1074 (Fla. 4th DCA 2014) (distinguishing "impulsive overreaction" cases where evidence implied that defendant was not "impulsively acting out of fear to save himself" but was "administering street justice"). While the evidence showed that the shooting was a response, and indeed an overreaction, to Coley's challenge to a fight, the witnesses' testimony provided a basis from which the jury could find that Appellant's reaction was more deliberate than impulsive. Cf. Rasley v. State, 878 So. 2d 473 (Fla. 1st DCA 2004) (affirming conviction for second-degree murder where defendant fatally shot husband as husband advanced toward her in defiance of her entreaties to stop after having violently shoved her earlier in the night, as evidence existed from which jury could find that defendant was motivated by anger over husband's extramarital affair). Further, Appellant's statement to Coley that he "should have killed" him distinguishes the instant case from the "impulsive overreaction" cases and suggests malice. From this contemporaneous statement and all the circumstances, the jury could reasonably find that Appellant shot the

6

victim out of ill will, hatred, spite, or evil intent and that he had no regard for the victim's life. Accordingly, Appellant's conviction for attempted second-degree murder is AFFIRMED.

ROWE and SWANSON, JJ., CONCUR.