# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3243
_____

COURTNEY S. BROWN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

April 17, 2018

PER CURIAM.

Courtney S. Brown ("Appellant") appeals her convictions and sentences for attempted second-degree murder, shooting at or into a building, possession of a firearm by a convicted felon, and throwing a deadly missile into a building. We affirm in all respects and write only to explain why the trial court properly denied Appellant's motion for judgment of acquittal.

Appellant, Richard Golden, and LaPorshia Patterson were charged with attempted first-degree murder (count I) and shooting at or into a building (count II). Appellant also was charged with possession of a firearm by a convicted felon (count III) and throwing a deadly missile into a building (count V).

During the state's case-in-chief, testimony was presented that LaPorshia Patterson was involved in a fistfight with Erica Kimble in the presence of Appellant and her boyfriend, Richard Golden. Later that evening, Golden picked up Appellant and drove her to a trailer. Ebony Walker, Kianna Powell, Erica Kimble, Paradise Kimble, Jermaine Walker, and Johnayshin Wade lived in the trailer and were asleep. Appellant got out of Golden's car and repeatedly knocked on the door. When no one answered, Golden saw Appellant throw something through the trailer's window. Ebony Walker and Kianna Powell woke up after a brick was thrown through the kitchen window. They went to the door and saw Appellant getting into the front passenger seat of Golden's car.

Appellant accused someone of hitting her at a nightclub and demanded that they come outside. When Walker responded that she did not know what Appellant was talking about, Appellant reached across Golden and started shooting repeatedly. Walker, Powell, and Golden identified Appellant as the shooter. After Appellant started shooting, a truck came around the corner, and Powell saw LaPorshia Patterson shooting from the truck. After the shooting, Walker read the following post on Patterson's Facebook page: "Dese hoes feeln like dey bullet proof. Bang, bang in my Gotti voice." Appellant responded, "Pow. Damn sho can show em better then I can tell em."

Officer Federico of the Tallahassee Police Department testified that he stopped a vehicle driven by Golden. Appellant was in the front passenger seat, and Courtney Barnes and Cortlandt Barnes were in the back seat. A video and audio recording was played of a conversation between Appellant and Golden in the back seat of Federico's patrol car. Federico testified that he heard Golden tell Appellant that she had gunpowder on her hands and that Appellant responded, "That's what I'm saying, like." Afterwards, Golden told Federico that he was the shooter. At trial, Golden admitted initially telling the police that he had the gun, that he was the only person doing the shooting, and that Appellant had nothing to do with it, but claimed that he did this to give Appellant time to clean the gunpowder off her hands.

After the state rested, defense counsel moved for a judgment of acquittal, which was denied by the trial court. During the

2

defense's case, Courtney Barnes, Cortlandt Barnes, and Appellant testified that Richard Golden was the shooter and that Appellant was not involved in the shooting. After the defense rested, defense counsel renewed the motion for judgment of acquittal, which again was denied by the trial court. The jury returned a verdict finding Appellant guilty of the lesser included offense of attempted second-degree murder as to count I and guilty as charged as to counts II, III, and V with the specific finding that Appellant actually possessed and discharged a firearm. The trial court adjudicated Appellant guilty and sentenced her to concurrent prison terms of thirty years with a twenty-year mandatory minimum on count I and fifteen years on counts II, III, and V. This appeal followed.

On a motion for judgment of acquittal, the trial court should not grant the motion unless the evidence, viewed in a light most favorable to the state, does not establish a prima facie case of guilt. *Dupree v. State*, 705 So. 2d 90, 93 (Fla. 4th DCA 1998) (en banc). Because a motion for judgment of acquittal raises an issue of law, the court's ruling on the motion is reviewed under the de novo standard. *Jones v. State*, 790 So. 2d 1194, 1197 (Fla. 1st DCA 2001) (en banc). Like the trial court, the appellate court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the state. *Id.*

In this case, Appellant claims that the trial court erred in denying her motion for judgment of acquittal. In doing so, Appellant asserts that (1) her convictions were based wholly on circumstantial evidence; (2) the evidence was insufficient to establish Appellant's guilt because the witnesses told conflicting stories concerning who actually did the shooting; and (3) none of the witnesses, except Appellant, could testify as to Appellant's intent. The state correctly responds that the evidence against Appellant was not wholly circumstantial because (1) three eyewitnesses, Ebony Walker, Kianna Powell, and Richard Golden, testified that they saw Appellant holding and firing a gun; and (2) one eyewitness, Richard Golden, testified that he saw Appellant throw the brick through the window of the trailer.

Furthermore, the mere fact that there was conflicting witness testimony does not justify a judgment of acquittal because any conflicts in the evidence must be viewed in a light most favorable

to the state. *See Nelson v. State*, 753 So. 2d 648, 649 (Fla. 3d DCA 2000) ("On review, the appellate court must view the conflicting evidence in a light most favorable to the state."). Appellant is improperly asking this court to reweigh the evidence and assess the credibility of the witnesses. *See State v. Konegen*, 18 So. 3d 697, 700 (Fla. 4th DCA 2009) ("Where there is contradictory, conflicting testimony, 'the weight of the evidence and the witnesses' credibility are questions solely for the jury,' and 'the force of such conflicting testimony should not be determined on a motion for judgment of acquittal.'").

Finally, the state correctly responds that issues of intent are generally not resolved on a motion for judgment of acquittal. *See Manuel v. State*, 16 So. 3d 833, 835 (Fla. 1st DCA 2005) ("Because direct evidence of intent is rare, and intent is usually proven through inference, 'a trial court should rarely, if ever, grant a motion for judgment of acquittal on the issue of intent.'"). Viewed in a light favorable to the state, Appellant's actions of traveling to the victims' trailer in the middle of the night following a prior dispute, throwing a brick through the window of the trailer when the occupants refused to come out, repeatedly firing a gun into the occupied trailer, and making incriminating comments on Facebook after the shooting were legally sufficient to establish that (1) Appellant intentionally committed an act that was imminently dangerous to another and demonstrated a depraved mind without regard for human life so as to support a conviction for attempted second-degree murder in violation of section 782.04(2), Florida Statutes; (2) Appellant wantonly or maliciously threw a deadly missile into a building in violation of section 790.19, Florida Statutes; and (3) Appellant wantonly or maliciously shot into a building in violation of section 790.19, Florida Statutes. Accordingly, the trial court properly denied Appellant's motion for judgment of acquittal.

AFFIRMED.

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

———————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————————

David J. Joffe, Joffe Law, P.A., Ft. Lauderdale, for Appellant.

Pamela Jo Bondi, Attorney General, Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.