FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-4160
_____

BENNY BOYD MOONEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Dixie County.
Jennifer Jones Johnson, Judge.


February 12, 2025

ON MOTION FOR REHEARING

NORDBY, J.


    We grant Benny Boyd Mooney's motion for rehearing, withdraw our opinion issued December 18, 2024, and substitute the following opinion.

    Benny Boyd Mooney appeals his conviction and life sentence for attempted second-degree murder. He argues that the trial court reversibly erred when it (1) denied his motion for judgment of acquittal, (2) rejected his request for a jury instruction on aggravated assault with a deadly weapon, and (3) imposed a $100

cost of prosecution without an express request from the State. We reject Mooney's arguments and affirm.

## I.

Mooney lived with the victim in a small camper trailer in Dixie County. They had known each other for about fifty years, engaging in a romantic relationship for much of that time. The camper was compact. It had a bed on one end, a bathroom on the other, and a kitchen area in between. A privacy curtain separated the bathroom from the rest of the space.

One morning, the Dixie County Sheriff's Office responded to a reported accidental shooting at the camper. During the 911 call, the victim claimed that she shot herself on the camper's front porch while defending her chickens from a wildcat. When law enforcement arrived, the victim told them that the firearm was in the camper along with Mooney. The deputies found the weapon inside and detained Mooney for possession of a firearm by a felon. The victim had life-threatening injuries and was immediately taken to the hospital.

The deputies quickly found evidence contradicting the victim's version of events. There was blood on the camper floor, indicating that the shooting occurred inside and not on the front porch. There were bullet holes in the privacy curtain, which suggested that she was shot while she was in the bathroom. There were also exit holes on the camper's exterior walls and two shell casings hidden under the bed's mattress.

Later that day, Mooney participated in an audio-recorded interview at the Sheriff's Office. Post-*Miranda*,[*] Mooney revealed a new version of events. That morning, Mooney and the victim were in the camper. He had drunk about a half-gallon of whiskey while she smoked methamphetamine. The victim grew jealous because he was talking with his ex-wife on the phone. Mooney was in bed, and the victim was in the bathroom with the curtain closed. She "got slick at the mouth," which "pissed [him] off." Mooney then

---

[*] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

shot his pistol in her direction. He claimed he wanted to "get her attention" but did not mean to strike her. He stated that "she was a lot closer than [he] thought she would have been." When Mooney fired the gun, the bullet hit the wall of the camper, fragmented, and a piece struck the victim's head.

The State charged Mooney with attempted second-degree murder. At trial, the State presented the theory that Mooney was angry after arguing with the victim and deliberately fired a gun in her direction. As part of its evidence, the State introduced the audio recording of the interview at the Sheriff's Office. At the end of the State's case-in-chief, defense counsel moved for a judgment of acquittal, arguing that the State had not established that Mooney acted with ill will, hatred, spite, or evil intent as required for the charged crime. The trial court denied the motion.

During the charge conference, defense counsel requested an instruction for aggravated assault with a deadly weapon as a permissive lesser-included offense. The trial court rejected this request, finding that no evidence showed that the victim was aware or had a well-founded fear that violence was about to take place.

The jury found Mooney guilty of attempted second-degree murder. The trial court sentenced Mooney to life in prison as a prison releasee reoffender. The trial court also imposed the $100 mandatory cost of prosecution, which Mooney subsequently challenged in a motion to correct illegal sentence. The trial court denied relief. This timely appeal follows.

II.

Mooney first challenges the trial court's denial of his motion for a judgment of acquittal. We review such a ruling de novo. *Perez v. State*, 187 So. 3d 1279, 1281 (Fla. 1st DCA 2016) (citing *Jones v. State*, 790 So. 2d 1194, 1197 (Fla. 1st DCA 2001)). We view the evidence in the light most favorable to the State to determine whether there is competent, substantial evidence to support each element of the charged crime. *Id.* (citing *Jones*, 790 So. 2d at 1197–98).

To establish attempted second-degree murder, the State must show that (1) Mooney intentionally committed an overt act that could have resulted in the death of the victim but did not, (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life, and (3) the overt act went beyond mere preparation. § 777.04, Fla. Stat.; § 782.04(2), Fla. Stat.; *see also* Fla. Std. Jury Instr. (Crim.) 6.4. There is no dispute that the State provided competent, substantial evidence of the first and third elements, so we focus on the second element.

An act establishes a depraved mind when "(1) a person of ordinary judgment would know that it is reasonably certain to kill or cause serious bodily injury, (2) it is done from ill will, hatred, spite, or an evil intent, and (3) it is of such a nature that the act itself indicates an indifference to human life." *Ford v. State*, 390 So. 3d 1238, 1239 (Fla. 1st DCA 2024). Mooney argues here what he argued below—that the State did not establish that he committed his act with ill will, hatred, spite, or an evil intent.

We find sufficient evidence supporting the trial court's ruling. Circumstantial evidence can be sufficient to prove the requisite mental state for attempted second-degree murder. *Perez*, 187 So. 3d at 1282 (citing *Antoine v. State*, 138 So. 3d 1064, 1074 (Fla. 4th DCA 2014)); *see also Porter v. State*, 384 So. 3d 839, 841–42 (Fla. 1st DCA 2024). Given Mooney's interview at the Sheriff's Office, there is little factual dispute over the circumstances of the incident. On the morning of the shooting, Mooney and the victim were at home in their camper. The victim grew jealous because Mooney was talking with his ex-wife on the phone, and the couple began to argue. The victim went to the bathroom and closed the opaque privacy curtain behind her. While in the bathroom, the victim got "slick at the mouth," and "that slick mouth pissed [Mooney] off." Mooney then purposely picked up his pistol and shot it in her direction. Mooney knew that the victim was in the bathroom, and he could not see the other side of the privacy curtain. He claimed he wanted "to get her attention" but did not mean to strike her. He claimed that she "got too close to the fire" and "was a lot closer than [he] thought she would have been." During the interview, Mooney did not express much concern about the victim, minimizing the incident by explaining he did not think she would die because "it was just a [bullet] fragment." He did,

4

however, describe himself during the interview as "the baddest motherfucker . . . in Dixie County."

Looking at this evidence in the light most favorable to the State, we conclude that the jury could reasonably find that Mooney shot the victim out of ill will, spite, hatred, or evil intent. *See Peoples v. State*, 251 So. 3d 291, 302–03 (Fla. 1st DCA 2018); *see also Dellinger v. State*, 495 So. 2d 197, 198 (Fla. 5th DCA 1986) (finding that evidence that a husband pointed a gun at his wife during an argument and pulled the trigger without knowing whether it was loaded was sufficient to establish a depraved mind). The victim's testimony at trial that Mooney was "gentle" and had never hurt her before does not affect our analysis, as it is the jury's role to weigh the evidence. Because the State's evidence supported each element of attempted second-degree murder, the trial court properly denied Mooney's motion for judgment of acquittal.

III.

Next, Mooney argues that the trial court erred in failing to instruct the jury on the lesser included offense of aggravated assault with a deadly weapon. We review the trial court's ruling on the proposed instruction for abuse of discretion. *See Bozeman v. State*, 714 So. 2d 570, 572 (Fla. 1st DCA 1998) (citations omitted). Aggravated assault with a deadly weapon is a permissive lesser included offense of attempted second-degree murder. Fla. Std. Jury Instr. (Crim.) 6.4. A trial judge must instruct the jury on a permissive lesser included offense if (1) the indictment or information alleges all the statutory elements of the offense and (2) evidence presented at trial establishes these elements. *McKiver v. State*, 55 So. 3d 646, 649 (Fla. 1st DCA 2011) (quoting *Khianthalat v. State*, 974 So. 2d 359, 361 (Fla. 2008)); *see also State v. Wimberly*, 498 So. 2d 929, 930 (Fla. 1986) (establishing two-prong test to determine whether the trial court should allow a jury instruction for a permissive lesser-included offense). The proposed jury instruction here fails both prongs.

To prove aggravated assault with a deadly weapon, there must be evidence that Mooney's act created in the mind of the victim a well-founded fear that the violence was about to take place. §§ 784.011, 784.021, Fla. Stat. The information charging

5

Mooney with attempted second-degree murder included no language stating that he threatened the victim or that she had a well-founded fear that violence was about to take place. The information alleged that Mooney shot the victim through a door. Mooney argues that the information's language that he "carried, displayed, threatened, or attempted to use" a firearm was enough to justify an aggravated assault instruction. But nothing in the information indicates that the victim knew that Mooney was about to shoot her or otherwise had a well-founded fear. Thus, the proposed jury instruction fails the first prong of the test.

The proposed jury instruction also fails the second prong, as there were no facts at trial to support giving the instruction. There was no testimony or evidence that Mooney threatened the victim before the shot or that the victim was aware of any threat. She was behind an opaque privacy curtain. Mooney argues that the evidence that his act of firing the weapon was a warning shot to get the victim's attention was enough to justify an aggravated assault instruction. But there was no evidence that the victim knew that Mooney was about to shoot her or otherwise harm her. As no evidence supported aggravated assault with a deadly weapon, the trial court did not abuse its discretion in declining to instruct the jury on it.

IV.

Finally, Mooney challenges the trial court's imposition of the mandatory $100 cost of the prosecution without a request from the State. We affirm. *See Parks v. State*, 371 So. 3d 392, 393 (Fla. 1st DCA 2023), *rev. granted*, SC2023-1355, 2024 WL 370043 (Fla. Jan. 31, 2024).

Finding no error, we affirm Mooney's judgment and sentence.

AFFIRMED.

OSTERHAUS, C.J., and BILBREY, J., concur.

6

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————


Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

David Welch, Assistant Attorney General, Tallahassee, for Appellee.