# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2355
_____

VINCENT LENELL WINCHESTER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman L. Robinson, Judge.

April 30, 2025

PER CURIAM.

Appellant challenges his conviction for murder in the second degree in violation of section 782.04(2), Florida Statutes (2018), and resulting fifty-year prison sentence for a crime committed when he was sixteen years old. Appellant claims error in the denial of his motion for judgment of acquittal on the second-degree murder charge arguing that evidence that he acted with a depraved mind was lacking. We affirm the sentence without further comment and affirm the denial of the judgment of acquittal as explained below.

"A trial court's denial of a motion for judgment of acquittal is reviewed de novo." *Perez v. State*, 187 So. 3d 1279, 1281 (Fla. 1st

DCA 2016) (citations omitted). "If the evidence, when considered in the light most favorable to the State, is capable of supporting a guilty verdict, a motion for judgment of acquittal must be denied." *Id.*

To prove the charge of second-degree murder, "the State had to prove [the defendant] caused the victim's death by committing a criminal act that was imminently dangerous and demonstrated a depraved mind without regard for human life." *Ford v. State*, 306 So. 3d 417, 421 (Fla. 1st DCA 2020) (citations omitted). We have observed

> than an act can evince a depraved mind when (1) a person of ordinary judgment would know that it is reasonably certain to kill or cause serious bodily injury, (2) it is done from ill will, hatred, spite, or evil intent, and (3) it is of such a nature that the act itself indicates an indifference to human life.

*Ford v. State*, 390 So. 3d 1238, 1239 (Fla. 1st DCA 2024) (citing *State v. Montgomery*, 39 So. 3d 252, 255–56 (Fla. 2010)).

Viewing the evidence in a light most favorable to the State shows that Appellant pointed at handgun at one of the passengers in a vehicle while attempting to rob the passenger. A second passenger was in the vehicle along with the driver. The driver of the vehicle attempted to drive away from the robbery, but Appellant fired the handgun three times into the motor vehicle. One of Appellant's shots hit the victim, the driver of the vehicle. The victim was shot through the lung, the trachea, and an artery by a bullet, killing him.

We have held that evidence of shooting into an occupied vehicle is "sufficient to support the jury's verdict of second degree murder." *Presley v. State*, 499 So. 2d 64, 65 (Fla. 1st DCA 1986). Furthermore, an "act of shooting into a crowd of people was imminently dangerous to human life and demonstrated a depraved mind." *Ford*, 306 So. 3d at 422 (citations omitted); *see also Jacobson v. State*, 248 So. 3d 286, 288 (Fla. 1st DCA 2018) (holding that pointing a loaded firearm at the victim while committing a robbery and then discharging the firearm was sufficient evidence

2

to support the "required state of mind for second-degree murder"). The evidence presented at trial was sufficient to allow the jury to consider whether Appellant committed second-degree murder.

AFFIRMED.

BILBREY, M.K. THOMAS, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, David A. Henson, Assistant Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Zachary F. Lawton, Assistant Attorney General, Tallahassee, for Appellee.