# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0186
Lower Tribunal No. 2020-CF-000545

_____

JAMESLEE SENATUS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Bruce Kyle, Judge.

June 19, 2026

MIZE, J.

Jameslee Senatus ("Appellant") challenges the lower court's denial of his motion for judgment of acquittal, arguing that the State failed to prove that Appellant acted with ill will, hatred, spite, or evil intent, as required for a second-degree murder conviction. *See* § 782.04(2), Fla. Stat. (2020); *Perez v. State*, 187 So. 3d 1279, 1282 (Fla. 1st DCA 2016) ("The depraved-mind element of second-degree murder requires 'ill will, hatred, spite, or an evil intent.'" (quoting *Poole v. State*, 30 So.3d 696, 698 (Fla. 2d DCA 2010))); Fla. Std. Jury Instr. (Crim) 7.4 (the State must

demonstrate that the defendant engaged in an act or series of acts which was "done from ill will, hatred, spite, or an evil intent"). Because the evidence was sufficient for a jury to find that Appellant possessed ill will, hatred, spite, or evil intent toward the victim, we affirm.

"There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." *Dubois v. State*, 363 So. 3d 246, 247 (Fla. 6th DCA 2023) (internal quotations omitted). The State presented evidence at trial that Appellant shot the victim in the chest at close range and then failed to render aid or seek help for the victim while he was still alive. There was also evidence that Appellant later told one witness that he "popped" the victim because he "started acting funny." Finally, there was evidence of Appellant's suspicious behavior at and around the crime scene in the days following the shooting.

The evidence of Appellant's post-shooting conduct and statements was sufficient for the jury to find that Appellant possessed the requisite intent for second-degree murder. *See Mackey v. State*, 277 So. 3d 762, 768 (Fla. 1st DCA 2019) ("Even without any express testimony about a defendant's malice or state of mind, 'the circumstances surrounding the fatal act can prove ill will, spite, hatred or evil intent.'" (quoting *Peoples v. State*, 251 So. 3d 291, 303 (Fla. 1st DCA 2018))); *see, e.g., Holmes v. State*, 278 So. 3d 301, 305 (Fla. 1st DCA 2019) (holding that the

defendant's failure to render aid or call for help after the victim was shot, instead disposing of the gun and providing false reports, "support[ed] a finding that [the defendant] possessed ill will, hatred, spite, or evil intent towards the victim and that the shooting was no accident"); *cf. Perez*, 187 So. 3d at 1282-83 (defendant's statement that he "should have killed" the victim right after shooting the victim "suggested malice" sufficient to sustain the second-degree murder conviction); *Mooney v. State*, 403 So. 3d 407, 411 (Fla. 1st DCA 2025) (evidence that the victim got "slick at the mouth" and "pissed [the defendant] off" was evidence from which a jury could find ill will, spite, hatred, or evil intent). Thus, we affirm Appellant's judgment and sentence.

AFFIRMED.

STARGEL and NARDELLA, JJ., concur.


Blair Allen, Public Defender, and Gary R. Gossett, Jr., Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED